John DOE, I; Jane Doe; John Doe, II, Plaintiffs–Appellants,

v.

Bill TANDESKE; Gregg D. Renkes, Defendants–Appellees.

No. 99–35845.

United States Court of Appeals, Ninth Circuit.

March 17, 2004.

Darryl L. Thompson, Anchorage, AL, and Verne E. Rupright, Wasilla, AL, for the plaintiffs-appellants.

Kenneth M. Rosenstein, Assistant Attorney General, Anchorage, AL, for the defendants-appellees.

Before: D.W. NELSON, REINHARDT, and THOMAS, Circuit Judges.

PER CURIAM.

This is the second time this case has been before this court. *See Doe v. Otte,* 259 F.3d 979 (9th Cir.2001), *rev'd and remanded, Smith v. Doe,* 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003). The first time, we overturned the district court's grant of summary judgment to the State and held that Alaska's sex offender registration and notification statute, 1994 Alaska Sess. Laws 41, violated the Ex Post Facto Clause as to plaintiffs who were convicted of crimes before the enactment of the statute. *Otte,* 259 F.3d at 979. Our resolution of the Does' ex post facto claim made it unnecessary for us to decide at that time whether the Act violated plaintiffs' procedural and substantive due process rights. *Id.* at 982. However, the subsequent reversal of *Doe v. Otte* by the Supreme Court in *Smith v. Doe* now requires us to address those claims. The facts and the discussion of the relevant statutory provisions are set forth in *Doe v. Otte,* and accordingly, we proceed directly to our analysis.

## I

■ The Does assert that Alaska's sex offender registration law violates their right to procedural due process because the Act deprives them of protected liberty interests without notice or the right to be heard.

In *Connecticut Department of Public Safety v. Doe,* 538 U.S. 1, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003), the companion case to *Smith,* the Supreme Court considered the respondent's claim that Connecticut's sex offender registry law, Conn. Gen.Stat. §§ 54–251, 54–252, 54–254 (2001), violated his right to procedural due process because he was not a "dangerous sexual offender," and the Connecticut law " 'deprive[d] him of a liberty interest . . . without notice or a meaningful opportunity to be heard.' " *Id.* at 6, 123 S.Ct. 1160. The Court held that, even assuming, *arguendo,* that the respondent had been deprived of a liberty interest, procedural due process "does not require the opportunity to prove a fact that is not material to the State's statutory scheme." *Id.* at 4, 123 S.Ct. 1160. Because "the law's requirements turn on an offender's conviction alone—a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest," the Court reasoned, "any hearing on current dangerousness is a bootless exercise." *Id.* at 7–8, 123 S.Ct. 1160. The Court concluded that "States are not barred by principles of 'procedural due process' from drawing such classifications." *Id.* at 8, 123 S.Ct. 1160 (emphasis removed).

Like the Connecticut law, Alaska's sex offender statute bases the registration and notification requirements on the sole fact of plaintiffs' convictions. Accordingly, bound by *Connecticut Department of Public Safety,* we hold that Alaska's sex offender registration law does not deprive the Does of procedural due process.

## II

■ The Does also contend that Alaska's sex offender registration and notification requirements violate their Fourteenth Amendment right to substantive due process by infringing their fundamental interests in life, liberty, and the property. Again, we are bound by controlling Supreme Court law.

The Court has described the "fundamental" rights protected by substantive due process as "those personal activities and decisions that this Court has identified as so deeply rooted in our history and traditions, or so fundamental to our concept of constitutionally ordered liberty, that they are protected by the Fourteenth Amendment." *Washington v. Glucksberg,* 521 U.S.

702, 727, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). Under *Glucksberg,* we are forced to conclude that persons who have been convicted of serious sex offenses do not have a fundamental right to be free from the registration and notification requirements set forth in the Alaska statute.

 While fundamental liberty interests require that any state infringement of these rights be "narrowly tailored to serve a compelling state interest," state actions that implicate anything less than a fundamental right require only that the government demonstrate "a *reasonable relation* to a legitimate state interest to justify the action." *Glucksberg,* 521 U.S. at 722, 117 S.Ct. 2258 (emphasis added). As the Court has already determined in *Smith,* the statute's provisions serve "a legitimate nonpunitive purpose of 'public safety, which is advanced by alerting the public to the risk of sex offenders in their community.' " *Smith,* 538 U.S. at 102–03, 123 S.Ct. 1140. Moreover, the Court held, the "broad categories" of offenses differentiated in the Act and the "corresponding length of the reporting requirement, are reasonably related to the danger of recidivism, and this is consistent with the regulatory objective." *Id.* at 102, 123 S.Ct. 1140. Thus, although the Does possess liberty interests that are indeed important, *Smith* precludes our granting them relief.

Because we do not believe that *Glucksberg* and *Smith* permit us to reach any other result in this case, we conclude that the Alaska law does not violate the Does' rights to substantive due process.

### III

For the foregoing reasons, we AFFIRM the district court's entry of summary judgment for the State.