Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Lacy, S.J.[1]

TERRI HACKLEY MCCABE

v.  Record No. 061909

OPINION BY SENIOR JUSTICE
ELIZABETH B. LACY
September 14, 2007

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

Terri Hackley McCabe was convicted in 1997 of a violation of Code § 18.2-370.1. Because of this conviction, she was required to register as a sex offender pursuant to the provisions of former Code § 19.2-298.1 (1995 & Supp. 1997). In 2001, that Code section was amended reclassifying a violation of Code § 18.2-370.1 as a "sexually violent offense" and changing the reregistration requirements. McCabe initiated this litigation asserting that application of the changed reregistration requirements to her violated her rights under the Fourteenth Amendment to the United States Constitution. For the reasons stated below, we conclude that requiring McCabe to comply with the altered reregistration requirements does not violate her substantive due process or procedural due process rights and that her equal protection

_____

[1] Justice Lacy participated in the hearing and decision of this case prior to the effective date of her retirement on August 16, 2007.

claim is moot.  Therefore, we will affirm the judgment of the circuit court dismissing her complaint.

FACTS

On December 19, 1997, McCabe pled guilty to taking indecent liberties with a minor by a person in a custodial or supervisory relationship in violation of Code § 18.2-370.1. At the time of McCabe's conviction, former Code § 19.2-298.1 required her to register with the State Police as a "sex offender" and to reregister annually for a period of 10 years. Former Code §§ 19.2-298.1, -298.2 (1995 & Supp. 1997).

In 2001, the General Assembly amended former Code § 19.2-298.1 and reclassified a violation of Code § 18.2-370.1 as a "sexually violent offense."  2001 Acts ch. 840.  Because McCabe had been convicted of an offense that the amendment defined as a "sexually violent offense," she was required to reregister as a sex offender every 90 days for the rest of her life.  Former Code §§ 19.2-298.1 (2000 & Supp. 2001), -298.2 (2000).[2]

---

[2] In 2003, the General Assembly repealed the existing sex offender registration requirements, including Code §§ 19.2-298.1 and -298.2, and replaced them with the Sex Offender and Crimes Against Minors Registry Act (the Act), Code § 9.1-900 et seq.  2003 Acts ch. 584.  Former Code §§ 19.2-298.1 and -298.2 were recodified in Code §§ 9.1-902 and -908.  The Act has been subsequently amended.  References to sections of the Act are to the current provisions unless otherwise stated.

In January 2006, McCabe filed a complaint in the Circuit Court of Fairfax County asserting that she should not be classified as a "violent sex offender" for purposes of the reregistration requirements. McCabe argued that the reclassification of her offense violated her substantive due process, procedural due process, and equal protection rights under the United States Constitution. The Commonwealth filed a demurrer asserting that McCabe failed to state a cause of action because the reclassification did not interfere with any liberty interest or fundamental right, did not violate any due process or equal protection rights, and the legislation was rationally related to legitimate state interests. The circuit court granted the Commonwealth's demurrer and entered an order dismissing the complaint.

We awarded McCabe an appeal on five assignments of error which collectively raise the same arguments made in the circuit court: that the legislation reclassifying her criminal conviction as a "sexually violent offense" and requiring her to register quarterly as a sex offender for life rather than annually for the ten-year period imposed under the prior statute, violated her substantive and procedural due process rights and her right to equal protection granted under the Constitution of the United States.

DISCUSSION

1. Substantive Due Process

McCabe contends that the statutory reclassification of a violation of Code § 18.2-370.1 affected two of her fundamental constitutional rights. First, she claims that the "compelled personal appearance of registrants constitutes a deprivation of [her] liberty interest." Second, she asserts that she has a fundamental right to rely on the statutory registration scheme in existence at the time of her guilty plea, which required only annual registration for a ten-year period.

The principles applicable to claims asserting a denial of substantive due process rights are well established. First, the claimant must clearly describe and establish that the interest asserted is a fundamental right or liberty interest specially protected under the Due Process Clause. Washington v. Glucksberg, 521 U.S. 702, 721 (1997). To qualify for that designation, the right asserted must be a right "deeply rooted in this Nation's history and tradition" or " 'implicit in the concept of ordered liberty,' such that 'neither liberty nor justice would exist if [it was] sacrificed.' " Id. (citations omitted). Legislation interfering with a fundamental right or liberty interest survives constitutional scrutiny only if it is narrowly tailored to serve a compelling state interest. Id. (citing Reno v. Flores, 507 U.S. 292, 302 (1993)). If the

4

asserted right is not a fundamental right or liberty interest specially protected by the Due Process Clause, the legislation will survive constitutional scrutiny if it is rationally related to a legitimate governmental interest. Id. at 728 (citing Heller v. Doe, 509 U.S. 312, 319-20 (1993)); Flores, 507 U.S. at 305; Walton v. Commonwealth, 255 Va. 422, 427-28, 497 S.E.2d 869, 872-73 (1998).

As support for her contention that compelled in-person quarterly registration violates her protected liberty interest, McCabe cites Weems v. United States, 217 U.S. 349 (1910). Weems involved a Philippine law that subjected the criminal defendant to post-release government surveillance including compliance with the "rules of inspection" and required permission from the authorities prior to a change of domicile. Id. at 364. The Supreme Court held that the criminal sentence was cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Id. at 365. From this holding, McCabe derives the principle that "compelled personal appearance by a registrant before law enforcement personnel . . . is constitutionally defective when incorporated into a criminal sentence," and argues that the same rationale should be applied to the civil registration provisions at issue in this case.

5

We first note that nothing in the statute or regulations suggests that a personal appearance is required for the periodic reregistration.  In-person registration is specifically required for the initial registration and changes in residence, name, owned vehicle registration, and employment.  See Code §§ 9.1-903.  The regulations enacted pursuant to the statute specifically provide a mailing address for the submission of registration and reregistration forms. See 19 VAC § 30-170-15.  Code § 9.1-904(A) defines reregistration as meaning that "the person has notified the State Police" and confirmed certain information.  (Emphasis added).  Therefore, the imposition upon McCabe's claimed liberty interest cannot be defined as an in-person registration requirement.  Furthermore, although McCabe asserts that she is now required to reregister in person every 90 days, Code § 9.1-909(A) allows her to file a petition for relief from the 90-day reregistration requirement.[3]

Accordingly, in considering McCabe's claimed liberty interest, we limit our consideration to whether a lifetime quarterly reregistration requirement, which can be reduced to an annual reregistration requirement, violates McCabe's

---

[3] Code § 9.1-909(A) allows such petitions to be filed three years after the duty to register was imposed.

substantive due process rights.  This is a question of first impression in this Court.

The Virginia sex offender registration legislation is similar to legislation enacted by all other states in response to the Jacob Wetterling Crimes Against Children & Sexually Violent Offender Registration Program, 42 U.S.C. § 14071, enacted by Congress in 1994.  Smith v. Doe, 538 U.S. 84, 89-90 (2003).[4]  The Supreme Court of the United States has not yet considered any case in which a violation involving substantive due process rights has been raised.  See Connecticut Dep't of Pub. Safety v. Doe, 538 U.S. 1, 8 (2003) (no opinion expressed because issue of substantive due process not properly before court).  Substantive due process claims have been raised in other states and federal courts, but we have found only one case in which the fundamental right or liberty interest asserted was similar to that raised by McCabe here.[5]  In Doe v. Tandeske, 361 F.3d 594 (9th Cir.), cert. denied, 543 U.S. 817

---

[4] The federal legislation contained guidelines for state programs requiring persons convicted of certain sexual offenses to register with state law enforcement officials. Failure to timely enact appropriate programs subjected the states to the loss of certain federal funding.  42 U.S.C. § 14071(g)(2)(A) (2000 & Supp. IV 2004).

[5] Substantive due process claims based on a liberty interest in non-disclosure of personal information because of its impact on employment, reputation, or family relationships have been rejected.  See e.g., Doe v. Moore, 410 F.3d 1337, 1344-46 (11th Cir. 2005); Cutshall v. Sundquist, 193 F.3d 466, 479-81 (6th Cir. 1999).

(2004), the court rejected the offender's claim that the Alaska sex offender registration requirements violated his right to substantive due process by infringing on fundamental interests of life, liberty, and property.  Applying Washington v. Glucksberg, 521 U.S. 702 (1997), the court concluded that "persons who have been convicted of serious sex offenses do not have a fundamental right to be free from the registration and notification requirements set forth in the Alaska statute."  Tandeske, 361 F.3d at 597.  The court then applied the rational basis test and held that the Supreme Court's determination in Smith v. Doe, that the Alaska statute served a " 'legitimate nonpunitive purpose,' " and that the categories of crimes and " 'corresponding length of the reporting requirement' " were " 'reasonably related to the danger of recidivism' " and were " 'consistent with the regulatory objective,' " compelled the conclusion that the reporting requirement was valid, although the petitioners did "possess liberty interests that are indeed important." Tandeske, 361 F.3d at 597 (quoting Smith, 538 U.S. at 102-03).

Like the court in Tandeske, we find no history or tradition in our jurisprudence elevating a convicted felon's right to be free from post-incarceration registration to a fundamental or specially protected due process right.  To the contrary, we have recognized that liberty rights of convicted

8

felons may be curtailed more than those of the general populace.  See e.g., Johnson v. Commonwealth, 259 Va. 654, 672-73, 529 S.E.2d 769, 779-80 (2000) (procuring blood sample for DNA analysis from convicted felon does not violate Constitution); see also Va. Const. Art. II, § 1 ("No person who has been convicted of a felony shall be qualified to vote unless his civil rights have been restored by the Governor or other appropriate authority."); Code § 18.2-308.2 (criminalizing possession or transportation of weapons by convicted felons).  Therefore, we hold that McCabe's right to be free from lifetime quarterly reregistration as a sex offender does not qualify as a liberty interest specially protected by the Due Process Clause for purposes of a substantive due process claim.

McCabe also asserts a protected fundamental right to rely on the statutory scheme in existence at the time of her guilty plea and conviction which she claims afforded her an "absolute right to liberty after the period of 10 years re-registration, absent subsequent violation."  In support of this right, McCabe cites language in Wilkinson v. Austin, 545 U.S. 209 (2005), in which the United States Supreme Court stated, "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or

9

policies." Id. at 221 (citations omitted).  McCabe argues

that as a result of the 2001 amendment, "her liberty has now

been completely curtailed by the retroactive reclassification

of the offense."

McCabe's reliance on Wilkinson is misplaced.  Wilkinson

involved an Ohio inmate's procedural due process challenge to

the procedures used in assigning inmates to "supermax" prison

facilities.  Id. at 213.  The Supreme Court explained that the

"question of what process is due [arises] only if the inmates

establish a constitutionally protected liberty interest" and

then went on to explain that a liberty interest invoking

procedural due process protections could "arise from an

expectation or interest created by state laws or policies."

Id. at 221.  The Supreme Court did not hold that state laws or

policies could form the basis of a fundamental right or

liberty interest invoking substantive due process protections,

as asserted by McCabe.

McCabe posits no other basis for her claim that her

statutorily-based expectation of only a ten year

reregistration requirement is a fundamental right.[6]  Our review

---

[6] McCabe does not claim that the application of the new registration requirements violated constitutional protections against ex post facto laws.  See Kitze v. Commonwealth, 23 Va. App. 213, 220, 475 S.E.2d 830, 834 (1996) (holding sex offender registration requirement does not violate constitutional prohibitions against ex post facto laws).

10

failed to reveal any recognized fundamental right to rely on the civil legislative scheme in existence at the time of McCabe's guilty plea. To the contrary, as a general proposition, there is no right to rely on the continued existence of civil statutes. See Allen v. Mottley Constr. Co., 160 Va. 875, 888, 170 S.E. 412, 417 (1933) (citing Crawford v. Halsted and Putnam, 61 Va. (20 Gratt.) 211, 220 (1871)) ("Inchoate rights derived under a statute are lost by a repeal of the statute before they are perfected unless they are saved by express words in the repealing statute."); see also Board of Zoning Appeals v. CaseLin Sys., Inc., 256 Va. 206, 210, 501 S.E.2d 397, 400 (1998) ("Generally, landowners have no property right in anticipated uses of their land since they have no vested property right in the continuation of the land's existing zoning status."). McCabe's substantive due process claim based on this alleged fundamental right fails because it is not a right "deeply rooted in this Nation's history and tradition" or " 'implicit in the concept of ordered liberty,' such that 'neither liberty nor justice would exist if [it was] sacrificed.' " Glucksberg, 521 U.S. at 720 (citations omitted).

Accordingly, we will affirm the circuit court's holding that McCabe "failed to demonstrate that the reclassification affected some fundamental constitutional right." Because

McCabe challenged only this holding of the circuit court, we need not consider the court's holding that the legislation met the rational basis test for purposes of substantive due process.

## 2.  Procedural Due Process

McCabe next argues that her "automatic" reclassification violated her procedural due process rights because the focus of the Act is to protect the public against repeat sex offenders and the legislation failed to provide "any procedures by which a judicial officer could evaluate the likelihood of future recidivist tendencies of sex offenders and there were no statutory guidelines which could be the basis for such a reclassification."  McCabe asserts that a hearing would have enabled her to establish that "she was not a repeat sex offender and never exhibited any recidivist tendencies" and therefore should not be classified as a sexually violent offender.

In Connecticut Department of Public Safety v. Doe, the United States Supreme Court addressed whether the Connecticut sexual offender registration statute violated procedural due process by failing to allow convicted sex offenders a hearing on current dangerousness before registry information was disclosed to the public.  538 U.S. at 4.  Because the registration requirement was based solely on the fact of a

12

prior conviction, not a determination of current dangerousness, the Court concluded that "due process does not require the opportunity to prove a fact that is not material to the State's statutory scheme."  Id.

Classification of a crime as a "sexually violent offense" under the Virginia statute is based solely on the nature of the crime, not on a determination of current dangerousness. As with the Connecticut sex offender statute, no process is necessary to prove a fact not material to the classification determination.  Id.

McCabe also argues that the terms of the Act provide that "[e]very person convicted of a sexually violent offense . . . shall reregister with the State Police every 90 days from the date of initial registration," Code § 9.1-904(A) (emphasis added), and that she was never convicted of a "sexually violent offense."  McCabe argues she was merely convicted of a "sexual offense" and the General Assembly could not reclassify her conviction absent procedural due process.  This claim is without merit.

Code § 9.1-902 specifically defines the term "sexually violent offense" for purposes of the civil registry scheme. Code § 18.2-370.1 does not incorporate the term "sexually violent offense," nor did it incorporate any other descriptive term, such as "sexual offense," before or after 2001.  Thus,

13

it is inaccurate for McCabe to claim she was convicted of only a "sexual offense." She was convicted of a violation of Code § 18.2-370.1 and that conviction is the only fact relevant to the classification determination.

In sum, the change in classification of a prior conviction in a civil registration scheme does not necessitate any additional process for McCabe because, as the trial court properly held, McCabe "failed to allege that a hearing on the reclassification would have established facts relevant to the legislature's statutory scheme."

### 3. Equal Protection

McCabe claims that the reclassification violated the Equal Protection Clause because she, like others convicted of a violation of Code § 18.2-370.1 since July 1, 1997, was required to follow the more stringent reregistration obligation imposed upon "sexually violent" offenders, while those convicted of a violation of Code § 18.2-370.1 after July 1, 1994, but prior to July 1, 1997, remained subject to the requirement of annual reregistration for ten years. McCabe asserts that there is no rational basis for the distinction based on the timing of the convictions.

Although not raised by the Commonwealth or the circuit court, the current statute, Code § 9.1-901(A), provides that the registration requirements apply to all persons convicted

of an offense set out in Code § 9.1-902 "on or after July 1, 1994." Therefore, the registration distinction based on the timing of the conviction asserted by McCabe does not exist and her equal protection claim based on such a distinction is moot.

## CONCLUSION

In summary, McCabe's substantive due process claim fails because she has not established a fundamental right or liberty interest impacted by the 2001 amendments. McCabe's procedural due process claim fails because a hearing on the reclassification of her offense would not have established any facts relevant to her reclassification, and McCabe's equal protection claim is moot because no distinction is currently made between convictions for violations of Code § 18.2-370.1 before and after July 1, 1997.

Accordingly, we will affirm the judgment of the trial court dismissing McCabe's complaint.

Affirmed.