# CIRCUIT COURT OF FAIRFAX COUNTY

David C. Miller

 v.

Commonwealth of Virginia

April 14, 2014

Case No. CL-2013-18591

BY JUDGE ROBERT J. SMITH

This matter comes before the Court on a Petition for Removal of Name from Sex Offender and Crimes Against Minors Registry Pursuant to Virginia Code § 9.1-910.

## *Background*

On November 8, 1996, David Miller pleaded guilty and was convicted of one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Petitioner served thirteen months in jail for this offense and completed three years of probation. At the time of his conviction, Petitioner did not register with Virginia's Sex Offender and Crimes Against Minors Registry ("Registry") because his conviction was not one that required registration at the time.

On or around November 19, 1998, Petitioner received a letter from his Probation Officer, informing him that he would have to register with the Registry due to a recent amendment to the Virginia Registry statute. 18 U.S.C. § 4042 was amended on November 26, 1997 and effective one year after enactment. Petitioner signed and submitted a registration application on December 2, 1998. Starting on that date, Petitioner believed that his name was included on the Registry.

Although he complied with the directive of his probation officer, on December 8, 1998, Petitioner, by counsel, wrote an appeal to the Virginia Department of State Police ("Department") requesting that Petitioner's name be removed from the Registry because "the federal offense that [Petitioner] was convicted of is not 'substantially similar' to any Virginia offense for which registration is required." Letter from Michael Nachmanoff, counsel

for Petitioner, to Lieutenant Thomas W. Turner, Va. Dept. of State Police (Dec. 8, 1998). Petitioner's counsel requested that Petitioner's name be removed from the Registry. *Id.*

On December 14, 1998, Lieutenant Turner of the Department of State Police wrote back to Petitioner's counsel stating that he agreed that Petitioner's federal offense did not qualify as an offense requiring registration. Letter from Lieutenant Thomas W. Turner, Va. Dept. of State Police, to Michael Nachmanoff, counsel for Petitioner (Dec. 14, 1998). The letter did not indicate whether Petitioner's name was then included on the Registry, nor did it specify that Petitioner's name would be removed from the registry because of this appeal. *Id.* However, since Petitioner had submitted all paperwork that he believed was necessary for including his name on the Registry and since Petitioner believed his name was currently listed on the Registry, he assumed that the receipt of Lieutenant Turner's letter meant that his appeal was successful and his name would be removed from the Registry.

On October 4, 2007, nearly a decade later, Petitioner received another letter from the Department of State Police, notifying him that he was required to register for the Registry because of a recent amendment to the Virginia Registry statute. 18 U.S.C. § 4042 was amended on July 27, 2006. Letter from Lieutenant William J. Reed, Jr., Va. Dept. of State Police, to David C. Miller (Oct. 4, 2007).

On November 3, 2007, Petitioner, by counsel, responded, stating that he, again, did not interpret this most recent revision to require Petitioner to register. Letter from Manuel Capsalis, counsel for Petitioner, to Lieutenant William J. Reed, Jr., Va. Dept. of State Police (Nov. 3, 2007). On November 13, 2007, Lieutenant William J. Reed wrote to Petitioner's counsel stating that "a statutory change was made during the last Virginia General Assembly to include all offenders who are required to register in the jurisdiction of their conviction that choose to reside, be employed, or received education in Virginia." Letter from Lieutenant William J. Reed, Jr., Va. Dept. of State Police, to Manuel Capsalis, counsel for Petitioner (Nov. 13, 2007). Based on Lieutenant Reed's letter, Petitioner completed and submitted registration documents on December 7, 2007. He is registered to this day.

On January 31, 2014, Petitioner appeared before this Court on a Petition for Removal of Name from Registry. Petitioner argues that it has been at least fifteen years since the date of his "initial registration" on December 8, 1998. Petitioner states that he has completed all court ordered treatment, counseling, and restitution. The Commonwealth argues that the Petitioner was never added to the Registry in 1998. Furthermore, the Commonwealth states that the only document the Registry has on file relating to the Petitioner's 1998 attempt to register is the signature page of the registration form. Thus, the Commonwealth argues that Petitioner's initial registration was not in 1998 but in 2007 and, therefore, he has not met the statute's

requirements for removal of his name from the Registry. The Court took this matter under advisement.

## Issue Presented

The issue before the Court is whether the Petitioner's submission of all necessary documents in 1998 is sufficient to constitute initial registration, as required by Virginia Code § 9.1-910 for removal of the Petitioner's name from the Sex Offender Registry, even though, after his submission of necessary documents in 1998, the Department of State Police told him that he was not required to register.

## Standard of Review

The Virginia statutes governing Registration in the Sex Offender Registry and Removal from the Registry states, in pertinent part:

> *Registration Procedures.* B. Every person required to register shall register in person within three days of his release from confinement in a state, local, or juvenile correctional facility, in a state civil commitment program for sexually violent predators or, if a sentence of confinement is not imposed, within three days of suspension of the sentence or in the case of a juvenile of disposition. A person required to register shall register, and as part of the registration shall submit to be photographed, submit to have a sample of his blood, saliva, or tissue taken for DNA (deoxyribonucleic acid) analysis and submission to the DNA databank to determine identification characteristics specific to the person,... submit to have his fingerprints and palm prints taken, provide information regarding his place of employment, and provide motor vehicle, watercraft, and aircraft registration information for all motor vehicles, watercraft, and aircraft owned by him.

Va. Code § 9.1-903(B).

> *Removal of name and information from Registry.* A. Any person required to register, other than a person who has been convicted of any (i) sexually violent offense, (ii) two or more offenses for which registration is required, (iii) a violation of former § 18.2-67.2:1, or (iv) murder, may petition the circuit court in which he was convicted or the circuit court in the jurisdiction where he then resides for removal of his name and all identifying information from the Registry. A petition may not be filed earlier than 15 years, or 25 years for violations of

§ 18.2-64.1, subsection C of § 18.2-374.1:1, or subsection C, D, or E of § 18.2-374.3, after the date of initial registration nor earlier than 15 years, or 25 years for violations of § 18.2-64.1, subsection C of § 18.2-374.1:1, or subsection C, D, or E of § 18.2-374.3, from the date of his last conviction for (a) a violation of § 18.2-472.1 or (b) any felony.

Va. Code § 9.1-910.

## Analysis

Va. Code § 9.1-910 specifies that a person may not file a petition to remove his information from the Registry until fifteen years after the date of initial registration have passed.

The Commonwealth argues that since Petitioner's name was not included in the Registry until 2007, Petitioner was not registered with the Registry until 2007. As evidenced below, a plain reading of Va. Code § 9.1-903 indicates that being listed in the Registry is not the same as initial registration. Va. Code § 9.1-903(H) states, "[t]he registration shall be maintained in the Registry ...." Furthermore, Va. Code § 9.1-903(I) specifies that "[t]he local law-enforcement agency shall forthwith forward to the State Police all necessary registration or re-registration information received by it." Thus, even though Petitioner's information was not listed on the Registry until 2007, this omission alone would not necessarily preclude the Court from considering Petitioner to be registered as required by the statute.

Since inclusion in the Registry does not seem to be the determinative factor as to whether the Petitioner initially registered, the Court must look to the text of the relevant statutes to determine what the General Assembly contemplated by the phrase "initial registration." Va. Code § 9.1-904(A). *Board of Supervisors of James City Cnty. v. Windmill Meadows, L.L.C.*, 287 Va. 170, 752 S.E.2d 837, 842-43 (2014) (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104, 639 S.E.2d 174 (2007)) ("When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute."). However, in looking at the text of the relevant statutes, the Court must bear in mind that this statute has undergone substantive changes since its inception in 1994. Thus, in determining whether Petitioner initially registered in 1998, the Court must consider the registration requirements as they existed in 1998 and not as they exist today.

It is clear to the Court that the General Assembly used the phrase "initial registration" to intend that this statute apply to the Registrant's first date of registration in the Registry. A sex offender is required to re-register with the Registry on an annual basis, Va. Code § 9.1-904(A); obviously, the General Assembly included the word "initial" to have the statute apply to the first of the offender's registrations with the Registry.

Today, the statute mandates that, as a part of the Petitioner's complete registration, the Petitioner must submit the following items:

> A person required to register shall register, and as part of the registration shall submit to be photographed, submit to have a sample of his blood, saliva, or tissue taken for DNA (deoxyribonucleic acid) analysis and submission to the DNA databank to determine identification characteristics specific to the person, provide electronic mail address information, any instant message, chat, or other Internet communication name or identity information that the person uses or intends to use, submit to have his fingerprints and palm prints taken, provide information regarding his place of employment, and provide motor vehicle, watercraft, and aircraft registration information for all motor vehicles, watercraft, and aircraft owned by him.

Va. Code § 9.1-903(B). Additionally, the Virginia Supreme Court has stated that, in order to complete registration, pursuant to Va. Code § 9.1-903, "in-person registration is specifically required for the initial registration" with the local law enforcement agency. *McCabe v. Commonwealth*, 274 Va. 558, 650 S.E.2d 508 (2007).

In determining whether Petitioner initially registered in 1998, however, the Court must consider whether Petitioner fulfilled the statutorily designated registration procedures that existed in 1998. In 1998, Va. Code § 19.2-298.1 governed registration procedures for the Virginia Registry. The statute, as it existed at that time, did not require Petitioner to submit himself to be photographed or that he submit a DNA sample. The statute also did not require that he appear in person to register.

Former Code § 19.2-298.1(B) (1996) (stating, *inter alia*, "[t]he person shall register within thirty days of his release from confinement in a state or local correctional facility or, if a sentence of confinement is not imposed, within thirty days of suspension of the sentence . . . ."). On March 22, 1997, the Code was amended to state, "[e]very person convicted on or after July 1, 1997. . . . The court shall remand the person to the custody of the local law-enforcement agency of the county or city for the purpose of obtaining the person's fingerprints and photographs of a type and kind specified by the Department of State Police for inclusion in the Sex Offender and Crimes Against Minors Registry established pursuant to § 19.2-390.1." Va. Code § 19.2-298.1(B) (1997). Since Petitioner was convicted on November

8, 1996, Petitioner would not have been required to submit himself to the Department of State Police for fingerprints and photographs even after the passage of this amendment.

I find that the Petitioner's initial registration was complete on December 2, 1998, when he submitted all necessary documents for registration, even though the Department of State Police later agreed with the Petitioner that he was not required to register. Because the Court finds that the December 2, 1998, registration was the initial registration, the Court finds that Petitioner meets the statutorily proscribed fifteen year registration requirement to be removed from the Registry under Va. Code § 9.1-910.

## Conclusion

The Court finds that Petitioner initially registered with the Registry on December 2, 1998. The Court grants Petitioner's Petition for Removal of Name from Sex Offender and Crimes Against Minors Registry Pursuant to Virginia Code § 9.1-910.