**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL RICHARDSON, | No. 19-16218 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01838-JAM-AC |
| v. | |
| WILLIAM P. BARR*, Attorney General, | MEMORANDUM** |
| Defendant, | |
| and | |
| XAVIER BECERRA, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted September 8, 2020***
San Francisco, California

\* William Barr has been substituted for his predecessor, Jefferson Sessions III, as Attorney General under Fed. R. App. P. 43(c)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Michael Richardson appeals pro se from the district court's judgment dismissing his action challenging the constitutionality of California's Sex Offender Registration Act ("SORA"), Cal. Penal Code §§ 290–290.024, and § 290.46 ("Megan's Law"), which requires the California Department of Justice ("DOJ") to maintain an Internet website that contains sex offender registration information. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) and a judgment on the pleadings under Rule 12(c). *See Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir. 2005). We affirm.

1.      Richardson has failed to state a claim that either SORA or § 290.46 violates his substantive due process rights. As is relevant to Richardson's substantive due process challenge to SORA, we have broadly held that "individuals convicted of serious sex offenses do not have a fundamental right to be free from sex offender registration requirements." *United States v. Juvenile Male*, 670 F.3d 999, 1012 (9th Cir. 2012) (citing *Doe v. Tandeske*, 361 F.3d 594, 597 (9th Cir. 2004) (per curiam)); *see also Litmon v. Harris*, 768 F.3d 1237, 1242 (9th Cir. 2014) (noting that the Supreme Court "has never held that the right to pursue a

2

profession is a *fundamental* right, such that any state-sponsored barriers to entry would be subject to strict scrutiny" (citation and quotation marks omitted)). And, as for Richardson's challenge to § 290.46, this Court has declined to find that sex offenders possess a "fundamental right to avoid publicity." *See Juvenile Male*, 670 F.3d at 1012. Consistent with this precedent, we must uphold SORA and Megan's Law under rational basis review. *Id.* (rejecting substantive due process challenge to SORNA because "[fundamental] rights are few," and "[n]one of th[o]se rights [we]re, or could be, asserted by defendants," a group of juvenile sex offenders subject to SORNA's registration requirements); *Tandeske*, 361 F.3d at 597 (holding that Alaska's SORA, including its publication provision,[1] "serve[s] a legitimate nonpunitive purpose of public safety, which is advanced by *alerting the*

---

[1] *Tandeske* controls the outcome here because § 290.46 is materially similar to the Alaska publication provision upheld there and, in fact, subjects *fewer* categories of information to mandatory publication. *Compare* Cal. Penal Code § 290.46(a)(1), (a)(2), (b)(1), (c)(1) & (d)(1) *with* Alaska Stat. § 18.65.087(b); *see also* § 290.46(a)(1) (expressly prohibiting publication of "[t]he name or address of the [registrant's] employer and the listed person's criminal history other than the specific crimes for which the person is required to register"); *Smith v. Doe*, 538 U.S. 84, 91 (2003) (explaining that Alaska SORA did not "specify the means by which the registry information must be made public," but Alaska had "chosen to make most of the nonconfidential information available on the Internet").

3

*public to the risk of sex offenders* in their community" (citing *Smith*, 538 U.S. at 102–03) (quotation marks omitted) (emphasis added)).[2]

Richardson repeatedly urges that SORA and § 290.46 are not rationally related to the state's interest in public safety because they are premised on inaccurate data regarding recidivism rates among sex offenders. Richardson's pleadings do not plausibly allege that the legislature had "*no legitimate reason* for its decision" to enact the registration and publication provisions at issue here. *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1234 (9th Cir. 1994) (emphasis added). Indeed, the legislature's statements of intent indicate otherwise. *See* 1996 Cal. Legis. Serv. ch. 908, § 1(e) (A.B. 1562) (stating that SORA "w[ould] further the governmental interests of public safety and public scrutiny of the criminal and mental health systems that deal with these offenders"); A.B. 488, 2003–2004 Legis. Sess. (Cal. 2004), § 5 ("In order to ensure that members of the public have adequate information about the identities and locations of sex offenders who *may*

---

[2] Richardson disagrees with *Tandeske*'s substantive due process ruling, but fails to point to intervening authority that authorizes a departure from its holding. Absent such authority, *Tandeske* is binding on this panel. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).

put them and their families at risk, it is necessary that this act take effect immediately." (emphasis added)).[3]

2.     *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003), forecloses Richardson's argument that "SORA is deficient because it provides no mechanism whereby a registrant can be relieved of the requirement [to register] if they prove they do not present a threat to the public."[4] There, the Supreme Court rejected the very same procedural due process argument with respect to Connecticut's sex offender registration and Internet publication requirements because they "turn[ed] on an offender's conviction alone—a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest." *Id.* at 7. The registration and Internet publication requirements at issue here likewise turn exclusively on the fact of conviction. *See* §§ 290(c), 290.46; *see also Doe v. Cal. Dep't of Justice*, 173 Cal. App. 4th 1095, 1113 (2009) ("[R]egistration and disclosure under California law is also based on the fact of conviction rather than

---

[3] Richardson's claim that, as applied to him, SORA and § 290.46 violate his "right to be free from unreasonable, arbitrary, and oppressive" state action rehashes his substantive due process claim and fails for the same reasons. *See United States v. Alexander*, 48 F.3d 1477, 1491 (9th Cir. 1995) ("If a statute is not arbitrary, but implements a rational means of achieving a legitimate governmental end, it satisfies due process.").

[4] Richardson does not suggest that the criminal history information on his Megan's Law profile is inaccurate, nor for that matter does he challenge his underlying conviction.

5

current dangerousness."). Accordingly, Richardson's procedural due process challenge fails. *See Tandeske*, 361 F.3d at 596 ("Alaska's sex offender statute bases the registration and notification requirements on the sole fact of plaintiffs' convictions. Accordingly, bound by *Connecticut Department of Public Safety*, we hold that Alaska's sex offender registration law does not deprive the Does of procedural due process.").

3.      Because sex offenders do not belong to a suspect or protected class, SORA and § 290.46 are subject to rational basis review for the purpose of equal protection analysis. *See Juvenile Male*, 670 F.3d at 1009 (citing *United States v. LeMay*, 260 F.3d 1018, 1030–31 (9th Cir. 2001)); *accord Litmon*, 768 F.3d at 1244. Having already concluded that the challenged laws have a rational basis in the context of rejecting Richardson's substantive due process challenge, we conclude that his equal protection claims fail for the same reasons.

4.      Richardson has failed to state a claim that either SORA or § 290.46 violates the Ex Post Facto Clause. *See* U.S. Const. Art. I, § 9, cl. 3. First, assuming *arguendo* that Richardson's appeal properly raises an ex post facto challenge to SORA, that challenge fails under *Hatton v. Bonner*, 356 F.3d 955, 961–64 (9th Cir. 2004)  (rejecting ex post facto challenge to SORA). Second, Richardson has failed to allege facts demonstrating by the "clearest proof" that §

6

290.46 is "so punitive either in purpose or effect as to negate [California's] intention to deem it civil." *Id.* at 963 (citation omitted); *see also Smith*, 538 U.S. at 92–105; *cf. also Cal. Dep't. of Justice*, 173 Cal. App. 4th at 1109 ("[Section 290.46], which is substantively identical to Alaska law, also serves a protective rather than punitive purpose."); *People v. Presley*, 156 Cal. App. 4th 1027, 1035 (2007) ("Based on . . . *Smith*, we conclude that the public notification requirements of sex offender registration do not constitute punishment for purposes of the Sixth Amendment.").

5.   Because neither SORA nor § 290.46 constitutes punishment in the constitutional sense, we must reject Richardson's contentions that those laws are bills of attainder and inflict cruel and unusual punishment. *See Smith*, 538 U.S. at 97 (explaining that factors for determining whether a law constitutes punishment under the Ex Post Facto Clause "have their earlier origins in cases under the [*inter alia*] . . . Eighth Amendment, as well as the Bill of Attainder . . . Clause[]").

6.   The district court did not abuse its discretion in declining to consider witness affidavits, reports, and newspaper articles that Richardson filed in opposing dismissal and judgment on the pleadings. *See United States v. Woods*, 335 F.3d 993, 1000–01 (9th Cir. 2003) (setting forth standard of review); *see also* Fed. R. Evid. 201(b) (requiring judicially noticed facts to be "capable of accurate

7

and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). Richardson requests judicial notice of these same materials and of an amicus brief submitted in another case. We deny his request because the contents of these materials are not judicially noticeable. *See, e.g.*, *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 940 n.2 (9th Cir. 2011) (declining to take judicial notice of amicus brief); *Turnacliff v. Westly*, 546 F.3d 1113, 1120 n.5 (9th Cir. 2008) (same as to witness declaration); *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 n.10 (9th Cir. 2018) (same as to newspaper articles); *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (same as to "*disputed* facts stated in public records").

7.      Attorney General Becerra's request for judicial notice is granted.


**AFFIRMED.**