NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARNELL OTIS McGARY; ELIZABETH McGARY, Deceased, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> JAY INSLEE, Governor; SUSAN DRYFUS, Department of Social and Health Service; BOB FERGUSON, Attorney General; JAMES NAGLE, Walla Walla County Prosecutor; JUDSON GRAY, Personal Representative, Estate of McGary, <br><br> Defendants - Appellees. | No. 24-7341 <br><br> D.C. No. 2:24-cv-00135-TOR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted October 15, 2025[**]

Before:     FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Former Washington state prisoner Darnell Otis McGary appeals pro se from

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising from his criminal incarceration, subsequent commitment as a sexually violent predator, and post-commitment sex offender notice and reporting requirements. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (dismissal on the basis of prosecutorial immunity); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (dismissal on the basis of Eleventh Amendment immunity, the applicable statute of limitations, and Federal Rule of Civil Procedure 12(b)(6)). We affirm.

The district court properly dismissed the claims against defendant Nagle as barred by prosecutorial immunity. *See Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) (noting that a prosecutor has absolute immunity for decisions to prosecute or not prosecute a particular case).

The district court properly dismissed the official capacity claims seeking damages against defendants Inslee, Ferguson, and Dryfus because state officials acting in their official capacities are immune from suit for damages under the Eleventh Amendment. *See Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021) ("The Eleventh Amendment bars individuals from bringing lawsuits against a state for money damages or other retrospective relief. . . . State officials sued in their

official capacities are generally entitled to Eleventh Amendment immunity." (citations and internal quotation marks omitted)).

The district court properly dismissed the official capacity claim seeking declaratory and injunctive relief against defendants Inslee and Ferguson regarding McGary's sex offender registration requirements because the requirements do not violate McGary's constitutional rights. *See Doe v. Tandeske*, 361 F.3d 594, 596, 597 (9th Cir. 2004) (holding that a similar Alaska statute did not deprive an individual of procedural or substantive due process rights).

The district court properly dismissed the individual capacity claims against defendants Inslee, Ferguson, and Dryfus as barred by the statutes of limitations. *See Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1007 (9th Cir. 2011), *as amended* (Aug. 19, 2011) (four-year statute of limitations for § 1981 retaliation claims); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002) (one-year statute of limitations for § 1986 claims; three-year statute of limitations for § 1983 claims in Washington).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All other pending motions and requests are denied.

**AFFIRMED.**