**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RALPH LEWIS READ, | No. 13-35330 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-02021-MO |
| v. | |
| KATHLEEN HALEY; WARREN G. FOOTE; DOVE GUTMAN; DOUGLAS KIRKPATRICK, Dr.; LISA CORNELIUS, Dr.; UNKNOWN MEMBERS OF THE OREGON MEDICAL BOARD; UNKNOWN EMPLOYEES OF THE OREGON MEDICAL BOARD, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief District Judge, Presiding

Submitted May 4, 2016**
Portland, Oregon

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TASHIMA, TALLMAN, and HURWITZ, Circuit Judges.

Ralph Lewis Read appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action arising from the revocation of his medical license by the Oregon Medical Board. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court correctly concluded that it lacked subject matter jurisdiction over Read's first "non-fraud" claim under the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1165 (9th Cir. 2003) (holding that *Rooker-Feldman* doctrine bars federal jurisdiction "when a plaintiff's suit in federal district court is at least in part a forbidden de facto appeal of a state court judgment, and an issue in that federal suit is 'inextricably intertwined' with an issue resolved by the state court judicial decision from which the forbidden de facto appeal is taken"). By challenging the Oregon Medical Board's Order of Evaluation, Read's first "non-fraud" claim alleges an error by the Oregon Court of Appeals, which affirmed the Board's conclusion that Read violated the Order. *See Read v. Or. Med. Bd.*, 260 P.3d 771, 776-77 (Or. Ct. App. 2011).

Read's second and third non-fraud claims, however, are not barred by *Rooker-Feldman* if we view them as facial, rather than as-applied, challenges[1] to the Board's

---

[1] Mindful that we construe pro se pleadings liberally, *see Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), we view Read's claims as facial attacks that are not barred by *Rooker-Feldman*. Given Read's prolix, we can understand why the district court considered his Complaint to assert "as applied" challenges.

2

authority to issue orders and levy fines. *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 606 (9th Cir. 2005) ("The [*Rooker-Feldman*] doctrine does not . . . prohibit a plaintiff from presenting a generally applicable legal challenge to a state statute in federal court, even if that statute has previously been applied against him in state court litigation."). Even if the district court had subject matter jurisdiction over Read's second and third non-fraud claims, however, it would have been required to dismiss the claims because Read lacks standing to pursue them. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1119 (9th Cir. 2009) ("Questions of standing . . . may be raised and considered for the first time on appeal.").

Read's second and third non-fraud claims challenge the constitutionality of the Board's authority to issue orders and impose fines. He repeatedly emphasizes that he seeks to enjoin the Board from exercising its allegedly unconstitutional authority against him or others. But Read only has standing to pursue injunctive relief if he can show: (1) that he "suffered or is threatened with a concrete and particularized legal harm;" and (2) a "sufficient likelihood that he will again be wronged in a similar way." *Canatella v. California*, 304 F.3d 843, 852 (9th Cir. 2002) (citations and internal quotation marks omitted). Read has done neither. His assertion that an injunction is necessary to protect his rights "if" he obtains a medical license in the

3

future is exactly the "conjectural or hypothetical" injury the standing requirement is designed to preclude. *Id.* Because Read lacks standing to bring his second and third non-fraud claims, we affirm the dismissal of those claims.

Additionally, contrary to Read's argument in support of his second non-fraud claim, Oregon's statutory scheme governing the Board and its authority does not amount to a bill of attainder. *See Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977) (explaining that a statute has the key features of a bill of attainder if it: (1) "legislatively determines guilt and inflicts punishment," (2) "upon an identifiable individual," and (3) "without provision of the protections of a judicial trial"). The enabling act establishing the Board and its duties does not meet these criteria.

**2.** The district court properly dismissed Read's claims against Administrative Law Judge Gutman on the basis of judicial immunity. Read failed to allege facts sufficient to show that Gutman took non-judicial actions against him, or that Gutman's judicial actions were taken in the complete absence of all jurisdiction. *See Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (explaining that "[a] judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority").

**3.** The district court also properly dismissed Read's claims against Senior

4

Assistant Attorney General Foote on the basis of prosecutorial immunity. Read failed to allege facts sufficient to show that Foote's actions did not relate to Foote's preparation for the initiation of a judicial proceeding, or the presentation of the state's case. *See Fry v. Melaragno*, 939 F.2d 832, 837-38 (9th Cir. 1991) (holding that government attorney performing acts intimately associated with the judicial phase of litigation is entitled to absolute immunity).

**4.** Dismissing Read's claims against members of the Oregon Medical Board was not error. The district court properly applied *Butz v. Economou,* 438 U.S. 478 (1978), and *Mishler v. Clift*, 191 F.3d 998 (9th Cir. 1999)*,* in determining that the Board members' functions were sufficiently analogous to those of a judge or prosecutor.[2] *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922-29 (9th Cir. 2004) (holding that members of Idaho State Board of Medicine, their staff, and their counsel were entitled to absolute immunity under *Butz* and *Mishler*); *see also Mishler*, 191 F.3d at 1009 (concluding that members of Nevada medical board were entitled to absolute immunity).

**5.** The fraud claims against unknown employees of the Oregon Medical Board were properly dismissed for failure to plead fraud with particularity under Federal

---

[2] Because Read insists on appeal that his action alleged only federal claims, we do not review the dismissal of the claims the district court construed as state law claims.

5

Rule of Civil Procedure 9(b).

**6.** The district court did not err in declining to order the defendants to answer Read's complaint. Federal Rule of Civil Procedure 12(b) required the defendants to file their motion to dismiss before filing an answer. Nor did the district court abuse its discretion in denying Read's request for default judgment against defendants Haley, Foote, Gutman, and Cornelius. *See, e.g.*, *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (affirming denial of default judgment after defendants failed to timely answer complaint).

Each party shall bear its own costs on appeal.

**AFFIRMED.**