NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARK DAVID BROWN,

          Plaintiff-Appellant,

v.

PETER BASZNIANYN; et al.,

          Defendants-Appellees.

No.   23-15619

D.C. No.
4:21-cv-00050-DCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted August 8, 2024[**]
San Francisco, California

Before: WALLACE, O'SCANNLAIN, FERNANDEZ, Circuit Judges.

Plaintiff-Appellant Mark David Brown appeals pro se from the district

court's order granting summary judgment in favor of, and entering final judgment

for, Defendants-Appellees in his action alleging excessive force during his pretrial

detention. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

district court's resolution of legal questions at summary judgment de novo, and the district court's factual findings for clear error. *See Al Haramain Islamic Found., Inc. v. U.S. Dep't of Treasury*, 686 F.3d 965, 976 (9th Cir. 2012). We affirm.

The district court did not err in granting summary judgment. An excessive force claim fails if the officers' use of force against a pretrial detainee was objectively reasonable under the Fourteenth Amendment.[1] *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Hughes v. Rodriguez*, 31 F.4th 1211, 1220 (9th Cir. 2022). It is undisputed that Brown, who was responsive but uncooperative upon his arrival in the parking lot of the Pima County Adult Detention Center, resisted vigorously when Defendants-Appellees tried to pat him down and escort him into the center. Defendants-Appellees had a legitimate interest in maintaining the safety of the detention center. *See Kingsley*, 576 U.S. at 399–400. Defendants-Appellees offered video evidence and sworn declarations supporting their statements that they placed Brown in the restraint chair due his noncompliance with their repeated commands using only the amount of force necessary to secure the restraints, and that Brown did not lose consciousness or suffer any injuries due to their actions. *Cf. id.* at 397, citing *Graham v. Connor*, 490 U.S. 386, 396 (1989) (describing factors courts may consider in determining

---

[1] Although Brown alleged excessive force in violation of the Fourth Amendment, "we construe pro se complaints liberally, especially in civil rights cases." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).

whether the use of force was "objectively reasonable"). Brown has neither produced evidence to controvert Defendants-Appellees' evidence nor identified material inconsistencies in their statements. Brown has thus failed to show a genuine dispute of material fact that would preclude the entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). Brown's allegations regarding other potential constitutional violations or vicarious liability, to the extent that he raises them in his briefing, are waived because they were not raised in the district court.[2] *See Manta v. Chertoff*, 518 F.3d 1134, 1144 (9th Cir. 2008).

**AFFIRMED.**

---

[2] The three narrow exceptions to this general rule do not apply here. *See United States v. Flores-Montano*, 424 F.3d 1044, 1047 (9th Cir. 2005) (stating that a court may exercise its discretion to review newly presented issues when there are exceptional circumstances, a change in law while appeal was pending, or when the issue is a pure issue of law and the opposing party will suffer no prejudice).