**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID LITMON, JR.,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>KAMALA D. HARRIS, Attorney General,<br>*Defendant-Appellee*. | No. 12-15261<br><br>D.C. No.<br>3:10-cv-03894-EMC<br><br>OPINION |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted
August 12, 2014—San Francisco, California

Filed October 14, 2014

Before: Alex Kozinski, Chief Judge, Barry G. Silverman
and Richard R. Clifton, Circuit Judges.

Opinion by Chief Judge Kozinski

## SUMMARY[*]

### Civil Rights

The panel affirmed the district court's dismissal of an action brought pursuant to 42 U.S.C. § 1983 challenging California Penal Code § 290.012(b), which requires that "every person who has ever been adjudicated a sexually violent predator" to appear before local law enforcement every 90 days for the rest of their lives to verify certain identifying information.

Citing *United States v. Juvenile Male*, 670 F.3d 999 (9th Cir. 2012), the panel held that the district court properly dismissed plaintiff's claim that the registration requirement violates the fundamental right to be free from physical restraint by requiring sexually violent predators to appear in person every 90 days to register. Absent a fundamental right, the panel held that strict scrutiny was inapplicable. Applying rational basis review, the panel concluded that the in-person registration requirement survived. The panel held that it was not irrational for the California legislature to conclude that requiring those who have been convicted of sexually violent offenses to register in person every 90 days may deter recidivism and promote public safety.

Citing *Smith v. Doe I*, 538 U.S. 84, 97 (2003), the panel held that the district court properly dismissed plaintiff's ex post facto claim that "the cumulative burden of the [registration] requirement . . . makes it an unconstitutionally

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

retroactive punishment." The panel further held that plaintiff's equal protection claim was also properly dismissed because neither mentally disordered offenders nor mentally disordered sex offenders are similarly situated to sexually violent predators.

The panel held that plaintiff's void-for-vagueness challenge was waived because he failed to present it to the district. The panel further held that plaintiff's argument that the California Department of Justice's failure to issue formal regulations governing the manner of registration under section 290.012(b) violated the California Administrative Procedure Act was also waived.

**COUNSEL**

Skye D.Y. Langs (argued), Craig E. Stewart, pro bono appointment, Jones Day, Palo Alto, California, for Plaintiff-Appellant.

Kamala D. Harris, Attorney General of California, Douglas J. Woods, Senior Assistant Attorney General, Tamar Pachter, Supervising Deputy Attorney General, Nelson R. Richards (argued), Deputy Attorney General, San Francisco, California, for Defendant-Appellee.

## OPINION

KOZINSKI, Chief Judge:

California law requires "every person who has ever been adjudicated a sexually violent predator" to appear before local law enforcement every 90 days for the rest of their lives to verify certain identifying information. *See* Cal. Penal Code § 290.012(b). We consider various constitutional challenges to this registration requirement.

## I. Background

David Litmon, Jr., admitted to raping four women and severely beating another in the 1970s. Upon his release from prison, he sexually assaulted two underage girls. After serving his second sentence, he was adjudicated a "sexually violent predator" pursuant to California Welfare and Institutions Code § 6600(a)(1), and committed for treatment in 2000. Since his release in 2008, Litmon has been reporting to his local police station every 90 days to fill out a registration form pursuant to California Penal Code § 290.012(b). The section provides in relevant part:

> [E]very person who has ever been adjudicated a sexually violent predator, as defined in Section 6600 of the Welfare and Institutions Code, shall, after his or her release from custody, verify his or her address no less than once every 90 days and place of employment, including the name and address of the employer, in a manner established by the Department of Justice.

A sexually violent predator is "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code § 6600(a)(1). The California Department of Justice requires all sex offenders to fill out a form entitled "Sex Registration / Change of Address / Annual or Other Update." The form lists as a "registration requirement" that registration be completed in person and provides blanks for information such as physical characteristics, vehicle identification and work and home addresses. Those adjudicated as sexually violent predators must fill out this form in person every 90 days.

In 2010, Litmon, pro se, sought injunctive relief from the registration requirement under 42 U.S.C. § 1983. His original complaint against the Attorney General of California alleged that the registration requirement violated the Double Jeopardy Clause and due process. The district court initially dismissed this complaint with prejudice for failure to state a claim, but then reconsidered its judgment and granted Litmon leave to amend "only to the extent [he] seeks leave to assert a cause of action for violation of the Fourteen[th] Amendment Equal Protection clause." Litmon's first amended complaint re-alleged his due process claim and added an equal protection claim. The district court struck the due process claim because it had already been dismissed, and granted Litmon leave to replead only the equal protection claim in order to "explain the basis on which other persons received preferential treatment." Litmon's second amended complaint, which alleges a single equal protection claim on the basis that two other classes of offenders received more favorable treatment, was dismissed with prejudice. Litmon appeals.

## II. Discussion

We review the dismissal of Litmon's section 1983 claims de novo. *See Colony Cove Props., LLC* v. *City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). We construe pro se complaints liberally, especially in civil rights cases. *See Hebbe* v. *Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "However, a liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Pena* v. *Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (internal quotation marks and brackets omitted).

### A.  Substantive Due Process Claims

The district court properly dismissed Litmon's claim that the registration requirement violates the fundamental right to be free from physical restraint by requiring sexually violent predators to appear in person every 90 days to register. In *United States* v. *Juvenile Male*, 670 F.3d 999 (9th Cir. 2012), we held that a similar in-person, 90-day registration requirement for certain juvenile sex offenders didn't implicate *any* fundamental rights protected by substantive due process. *See id.* at 1012 ("None of the[] [fundamental] rights [identified by the Supreme Court] are, or could be, asserted by defendants in this case. Nor do any of defendants' rights that are potentially at stake appear to be so rooted in the traditions and conscience of our people as to be ranked as fundamental . . . .") (internal quotation marks omitted). And in *Doe* v. *Tandeske*, 361 F.3d 594, 597 (9th Cir. 2004) (per curiam), we held that "persons who have been convicted of serious sex offenses do not have a fundamental right to be

free from the registration and notification requirements set forth in" an Alaska statute requiring those convicted of multiple aggravated sex offenses to register every 90 days, though not in person.

That the registration period in *Juvenile Male* may be reduced from life to 25 years in limited circumstances, *see* 670 F.3d at 1005, is not a material distinction. Litmon cannot cite any authorities suggesting that the registration requirement implicates the fundamental right to be free from restraint and relies on inapposite cases in the habeas context. Even if we could analogize to habeas cases, we held in *Henry* v. *Lungren*, 164 F.3d 1240 (9th Cir. 1999), that "[r]egistration, even if it must be done in person at the police station, does not constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner 'in custody' for the purposes of federal habeas corpus relief." *Id.* at 1242.

Absent a fundamental right, strict scrutiny is inapplicable. We therefore apply rational basis review and conclude that the in-person registration requirement survives. The California legislature found that "[s]ex offenders pose a potentially high risk of committing further sex offenses after release from incarceration or commitment," *see* Cal. Penal Code § 290.03(a)(1), and determined that the statutory scheme for "risk assessment, supervision, monitoring and containment for registered sex offenders residing in California communities is necessary to enhance public safety and reduce the risk of recidivism posed by these offenders," *see id.* § 290.03(a). It is not irrational for the California legislature to conclude that requiring those who have been convicted of sexually violent offenses to register in person every 90 days may deter recidivism and promote public

safety.  *See Juvenile Male*, 670 F.3d at 1009 ("We have held that protecting our communities is a legitimate legislative purpose.").

Litmon further alleges in his original complaint that his "liberty and freedom of movement have been so restricted and infringed upon that [he] has been unable to obtain employment as a truck driver, since such employment could likely cause him to miss the 90-day appearance at the police station."  He argues that this violates his "fundamental right to work."  But "[t]he [Supreme] Court has never held that the 'right' to pursue a profession is a *fundamental* right, such that any state-sponsored barriers to entry would be subject to strict scrutiny."  *See Dittman* v. *California*, 191 F.3d 1020, 1031 n.5 (9th Cir. 1999).  "[A] restriction on the conduct of a profession will run afoul of substantive due process rights only if it is irrational."  *In re Crawford*, 194 F.3d 954, 961 (9th Cir. 1999).  We've already concluded that the registration requirement is rational.  *See* p. 7–8, *supra*.

At oral argument before the panel, Litmon mentioned that local police have been harassing sex offenders during the registration process, causing him to spend upwards of six hours at the police station.  Nothing in the district court's order dismissing Litmon's due process claims against the Attorney General precludes Litmon from raising an as-applied substantive due process claim against local law enforcement based on allegations of police misconduct.

## B.  Ex Post Facto Claim

The district court properly dismissed Litmon's claim that "the cumulative burden of the [registration] requirement . . . makes it an unconstitutionally retroactive punishment."  In

his original complaint, Litmon alleged a violation of the Double Jeopardy Clause, and only on appeal did he re-characterize the claim as alleging a violation of the Ex Post Facto Clause. The Attorney General does not object to this change, and nor do we, as the inquiry into whether a law constitutes retroactive punishment in violation of the Double Jeopardy Clause is identical to that with respect to the Ex Post Facto Clause. *See Smith* v. *Doe I*, 538 U.S. 84, 97 (2003).

The Supreme Court's decision in *Smith* v. *Doe I*, *supra*, is instructive. There, the Court held that an Alaska statute requiring those convicted of aggravated sex offenses to register every 90 days for life did not violate the Ex Post Facto Clause. *See id.* at 99–105. *Smith* reversed our holding in *Doe I* v. *Otte*, 259 F.3d 979 (9th Cir. 2001), and corrected our "misapprehension" that the Alaska statute at issue contained an in-person registration requirement. *Smith*, 538 U.S. at 101.

Litmon argues that *Smith* is not controlling due to the Alaska law's lack of an in-person registration requirement. But there is no reason to believe that the addition of such a requirement would have changed the outcome. In fact, we held in *ACLU of Nevada* v. *Masto*, 670 F.3d 1046 (9th Cir. 2012), that an *in-person*, 90-day, lifetime registration requirement for the highest level sex offenders does not violate the Ex Post Facto Clause, noting that the Nevada statute at issue was "indistinguishable from [the statute] in *Smith*," and that *Smith*'s "resolution of our factual error [regarding the in-person registration requirement] did not amount to a holding that in-person registration necessarily constitutes an affirmative disability" for purposes of the inquiry. *See id.* at 1056; *see also Hatton* v. *Bonner*, 356 F.3d

955, 964 (9th Cir. 2003) (California's in-person, annual, lifetime registration requirement for those who committed certain sex offenses did not violate the Ex Post Facto Clause).

## C. Equal Protection Claim

Litmon's equal protection claim was also properly dismissed. Litmon alleges in his second amended complaint that the registration requirement for sexually violent predators violates the Equal Protection Clause because "other similarly situated civil committees such as . . . a) Mentally Disordered Offender[s] . . . , [and] b) Mentally Disordered Sex Offender[s] . . . whom [sic] also have been convicted of the same kinds of sex offenses, civilly committed to the same mental institution, [and] receiv[ed] the same mental health treatment, [are] not required to appear in person at the local police station every 90 days to update their address and employment information"; instead, they are required to register annually.

The equal protection challenge fails because neither mentally disordered offenders nor mentally disordered sex offenders are similarly situated to sexually violent predators. *See Thornton* v. *City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005). Recall that a sexually violent predator is "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code § 6600(a)(1). A mentally disordered offender, by contrast, is a person who has been convicted of a listed crime, including voluntary manslaughter, arson, kidnapping or rape, *see* Cal. Penal Code § 2962(e)(2), who "by reason of his or her severe

mental disorder . . . represents a substantial danger of physical harm to others" and who has been diagnosed with a severe mental disorder that was "one of the causes or was an aggravating factor in the prisoner's criminal behavior," *see id.* § 2962(d)(1).

The inquiry into whether an individual poses a "substantial danger of physical harm to others" is far broader than the inquiry into whether one is "likely [to] . . . engage in sexually violent criminal behavior." Moreover, unlike sexually violent predators, mentally disordered offenders need not have been convicted of a "sexually violent offense against one or more victims," and may instead have committed non-sexually violent offenses such as voluntary manslaughter or arson.

Litmon argues that "because of the significant overlap between the two commitment statutes, any sex offender committed as a sexually violent predator could have instead been committed as a mentally disordered offender." This is not the case, however, because individuals cannot be committed as mentally disordered offenders unless they are eligible for parole, *see* Cal. Penal Code § 2962, whereas those committed as sexually violent predators must have been "in custody pursuant to [their] determinate prison term[s] [or] parole revocation term[s]," *see* Cal. Welf. & Inst. Code § 6601(a)(2).

Nor are sexually violent predators similarly situated to mentally disordered sex offenders. A mentally disordered sex offender is "any person who by reason of mental defect, disease, or disorder, is predisposed to the commission of sexual offenses to such a degree that he is dangerous to the health and safety of others." Cal. Welf. & Inst. Code § 6300,

*repealed by* Cal. Stats. 1981, ch. 928, p. 3485, § 2. Even though the statute providing for the commitment of mentally disordered sex offenders was repealed in 1981, it's relevant for our purposes because California Penal Code § 290.004 provides that "[a]ny person who, since July 1, 1944, has been or hereafter is determined to be a mentally disordered sex offender under Article 1 (commencing with Section 6300) of Chapter 2 of Part 2 of Division 6 of the Welfare and Institutions Code . . . shall register in accordance with the [Sex Offender Registration] Act." Cal. Penal Code § 290.004.

The two groups are distinguishable because sexually violent predators must have been *convicted* of a sexually violent offense and have been found likely to "engage in sexually violent criminal behavior" upon their release from prison, *see* Cal. Welf. & Inst. Code § 6600(a)(1) (emphasis added), while mentally disordered sex offenders need only have been found to be "*predisposed* to the commission of sexual offenses," and not sexually violent offenses, *see* Cal. Welf. & Inst. Code § 6300 (emphasis added).

In any event, the California legislature has a rational basis for imposing more frequent reporting requirements on sexually violent predators given their criminal history of sexual violence and their higher risk of recidivism. *See* Cal. Penal Code § 290.03(a)(1). Contrary to Litmon's assertion, strict scrutiny isn't applicable because he has failed to allege that a fundamental right has been implicated, and because sex offenders do not comprise a suspect class. *See Kahawaiolaa* v. *Norton*, 386 F.3d 1271, 1277–78 (9th Cir. 2004); *see also Juvenile Male*, 670 F.3d at 1009; *United States* v. *LeMay*, 260 F.3d 1018, 1030 (9th Cir. 2001).

Litmon argues in his opening brief that the equal protection claim in his second amended complaint should "be read to encompass the allegation that those adjudicated as sexually violent predators within the State of California are treated less favorably than those similarly adjudicated outside of the state." But Litmon's second amended complaint identified only mentally disordered offenders and mentally disordered sex offenders as similarly situated individuals, and cannot reasonably be construed as alleging an equal protection claim on the basis of differential treatment between those adjudicated as sexually violent predators within California and those adjudicated as such under other states' statutes. Regardless, this argument is waived because Litmon failed to raise it before the district court. *See In re Mortgage Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014). The district court gave Litmon two opportunities to allege this equal protection claim in a subsequent complaint, both of which he passed up.

## D.  Remaining Claims

Litmon contends that California Penal Code § 290.012(b) is unconstitutionally vague because it contains "no standards describing the manner of registration required by the law"; "it fails to establish standards that are sufficient to guard against the arbitrary deprivation of liberty interests"; and it "obstruct[s] meaningful judicial review." He attempts to construe this claim from the following sentence in his original complaint: "Section 290.012(b) does not contain a requirement that one appear physically at the local police station, but this requirement has been created and implemented by Defendant [then Attorney General] Brown." But this language cannot reasonably be read as raising a void-for-vagueness challenge and Litmon's argument is therefore

waived because he failed to present it to the district court. *See In re Mortgage Elec. Registration Sys., Inc.*, 754 F.3d at 780.

Litmon also argues that the California Department of Justice's failure to issue formal regulations governing the manner of registration under section 290.012(b) violates the California Administrative Procedure Act, *see* Cal. Gov't Code § 11340 *et seq*. Litmon again attempts to construe this claim from the allegation in his original complaint that "Section 290.012(b) does not contain a requirement that one appear physically at the local police station, but this requirement has been created and implemented by Defendant Brown." This language fails to raise an APA claim and this challenge wasn't otherwise raised before the district court. It is therefore waived. *See In re Mortgage Elec. Registration Sys., Inc.*, 754 F.3d at 780. Given that Litmon failed to state an APA claim, we need not consider his argument that the district court abused its discretion by failing to exercise supplemental jurisdiction over this state law claim.

*       *       *

California's registration requirement for sexually violent predators accordingly survives Litmon's constitutional challenges.

**AFFIRMED.**