**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10180 |
| Plaintiff-Appellee, | D.C. No. 1:06-cr-00419-HG-1 |
| v. | |
| JAMES RICHARD DUCK, AKA Jimmy Duck, AKA Rich Duck, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted June 11, 2019[**]
Honolulu, Hawaii

Before: THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit Judges.

James Duck appeals from the district court's order denying his pro se motion

to reduce, modify, or abate his fine for lack of jurisdiction. We review de novo

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

whether the court had jurisdiction to hear Duck's motion. *United States v. Carter*, 742 F.3d 440, 444 (9th Cir. 2014). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the history of the case, we need not recount it here.

The district court properly held that it lacked jurisdiction over his motion to reduce, modify, or abate his fine. The district court properly noted that it did not have the inherent power to re-sentence defendants at any time. *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997). The district court also properly noted that any sentence correction or modification pursuant to Fed. R. Crim. P. 35 or 18 U.S.C. § 3573 requires a motion or petition by the government, and that the government had not filed such a motion or petition.

On appeal, Duck argues that the district court should have construed his motion as a request to modify the payment schedule condition of his supervised release. However, Duck's motion, even construed liberally, failed to coherently articulate a request to modify his payment schedule. *See Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) ("[A] liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled." (internal quotation and citation omitted)); *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974) (holding that while courts have a duty to construe pro se

2

pleadings liberally, courts "should use common sense in interpreting the frequently diffuse pleadings of pro se [litigants]").

Duck dubbed his motion as one seeking reduction, modification, or abatement of his fine. He made no explicit request to modify his payment schedule. The statute Duck cited in support of his motion, as he interpreted it, explained when a court could modify or correct a fine, not when a court could modify a payment schedule. Indeed, he omitted all mention of payment schedules from the portion of the statute that referenced payment schedules. *See* 18 U.S.C. §3572(d)(3) (explaining that a court may, under certain conditions, adjust a defendant's payment schedule).[1]

In sum, the district court properly denied his motion, and did not err in failing to construe Duck's pro se motion as a request to modify his payment schedule. Given our conclusion, we need not address any other issue raised by the parties.

**AFFIRMED.**

---

[1]Duck's reference to his inability to pay off the principal amount has no logical connection to a change in his payment schedule. Changing his payment schedule would not make it possible for him to meet his obligation to pay off the principal—only a reduction in the principal would make a difference.