**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS HARRY WARENBACK, | No. 21-16964 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01682-KJD-VCF |
| v. | |
| AARON FORD, Attorney General for the State of Nevada, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted October 30, 2023[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Douglas Warenback appeals from the district court's dismissal of his civil

rights action alleging that Nevada's in-person sex offender registration statute is an

ex post facto law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

de novo. *Shulman v. Kaplan*, 58 F.4th 404, 407 (9th Cir. 2023) (standing); *Does v. Wasden*, 982 F.3d 784, 790 (9th Cir. 2020) (dismissal for failure to state a claim). We affirm.

The Nevada Attorney General argues that Warenback cannot establish constitutional standing, specifically, the requirement of redressability, because the Attorney General has no authority to enjoin the state law. However, the Attorney General is entitled to notice of this action under Federal Rule of Civil Procedure 5.1(a)(2) and has the authority to defend the state's interests in civil actions in federal court under Nevada Revised Statutes § 228.170. In the alternative to an injunction, Warenback specifically sought a declaration that in-person registration violates the Ex Post Facto Clause of the United States Constitution. A declaratory judgment that the challenged law is unconstitutional would make the law null and void and provide redressability. *Catholic League for Religious and C.R. v. City and Cnty. of San Francisco*, 624 F.3d 1043, 1053 (9th Cir. 2010) (en banc).

The district court did not err in dismissing the First Amended Complaint. We have consistently held that in-person registration, including Nevada's in-person registration, does not violate the Ex Post Facto Clause. *See ACLU of Nevada v. Masto*, 670 F.3d 1046, 1058 (9th Cir. 2012) (holding that Nevada's amended registration law, which added in-person registration, does not violate the

Ex Post Facto Clause); *Litmon v. Harris*, 768 F.3d 1237, 1242-43 (9th Cir. 2014) (holding that California's in-person 90-day lifetime registration for a sexually violent predators does not violate the Ex Post Facto Clause); *Hatton v. Bonner*, 356 F.3d 955, 964 (9th Cir. 2004) (holding that the requirement that an individual register in person does not turn a registration law into an affirmative disability or restraint). Warenback's allegation that he had to register more often until he secured a residence does not tip the scales to make the effect of registration punitive. As we noted in *Masto*, Warenback was free to move from one jurisdiction to another. *See Masto*, 670 F.3d at 1056 (holding that the Nevada law "imposes no physical restraint . . . It does not limit the activities that registrants may pursue or limit registrants' ability to change jobs or residences"). Like any other registrant who moves to another jurisdiction, Warenback was required to register in person when he moved to the new jurisdiction. As a matter of law, Warenback cannot state a claim.

**AFFIRMED.**