Filed 8/19/24  Doe v. County of Los Angeles CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br> COUNTY OF LOS ANGELES, et al.,<br><br>    Defendants and Respondents. | B320315<br><br>(Los Angeles County Super. Ct. No. 21STCV44757) |

APPEAL from a judgment and an order of the Superior Court of Los Angeles County, Maurice A. Leiter, Judge. Affirmed.

Jane Doe, in pro. per., for Plaintiff and Appellant.

Collins + Collins, Erin R. Dunkerly and David C. Moore, for Defendants and Respondents County of Los Angeles, Alex Villanueva, George Gascón, and John Adams.

Rob Bonta, Attorney General, Thomas S. Patterson, Senior Assistant Attorney General, Anthony R. Hakl, Supervising

Deputy Attorney General, and Jeffrey A. Rich, Deputy Attorney General, for Defendant and Respondent Rob Bonta.

_____

## INTRODUCTION

Jane Doe brought this action against the County of Los Angeles, Sheriff Alex Villanueva, Lieutenant John Adams, Los Angeles County District Attorney George Gascón, and California Attorney General Rob Bonta. Doe alleged that, after she reported a sexual assault to the Los Angeles County Sheriff's Department, a deputy sheriff forged Doe's name on a search waiver form and that the Department downloaded the entire contents of Doe's phone without her permission. Doe alleged she reported the forgery to the Department, but instead of commencing a criminal investigation, the Department conducted an administrative review to shield the deputy from criminal liability. Doe asserted causes of action for violation of her right to equal protection; municipal liability for constitutional violations; negligent supervision, training, discipline, and retention; and negligent infliction of emotional distress.

The trial court sustained demurrers without leave to amend and entered judgment against Doe. The trial court also denied Doe's request to proceed pseudonymously. We affirm the judgment and the order.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *Doe Accuses a Sheriff's Deputy of Forgery*

According to the allegations in the operative first amended complaint, which we accept as true (see *Mathews v. Becerra* (2019) 8 Cal.5th 756, 786), in July 2019 Doe met with Liliana Jara, a detective in the Department's Special Victims Bureau, who was investigating Doe's report she had been sexually assaulted.  Doe showed Detective Jara "incriminating" messages on her cell phone, and the detective said she needed to download the messages.  Doe agreed, and at the end of the interview, Detective Jara took Doe's phone.  Although Detective Jara told Doe it would take two weeks to download the information, Doe did not get her phone back for three months.  When Doe retrieved her phone, she discovered one of her messages had been translated into English.

In October 2020 Doe discovered a search waiver form with her forged signature authorizing the Department to search her phone "for information related to the case, including 'text messages, photographs, videos, messages, and emails.'"  The forged search waiver form allowed the Department to seize Doe's "call logs, device locations, passwords, searched items, web history, texts, databases, documents, user accounts, calendar, emails, photographs, bank information, videos, and audio etc. that were totally unrelated to the offense" Doe had reported.  Doe demanded the original search waiver form for "forensic examination," but Detective Jara said the Department no longer had it.

In February 2021 Doe went to a sheriff's station and "announced her need to report a criminal conduct of a deputy."

A sergeant took Doe's statement and created "a service comment report which resulted in 'service review.'" The Department sent Doe's complaint to the Special Victims Bureau. Lieutenant John Adams, who was Detective Jara's supervisor, took Doe's statement by telephone. "Despite obvious allegation of criminal conduct," however, Lieutenant Adams "did not categorize the complaint as a criminal complaint or further investigate the allegation." For several months Doe asked about the investigation. In August 2021 Lieutenant Adams told Doe the Department had conducted an "administrative investigation," not a "criminal investigation." Because Lieutenant Adams and Detective Jara were assigned to the same unit, Lieutenant Adams's "'administrative investigation' was in fact a service review which would never result in discipline or sanction."

Doe contacted the Los Angeles County District Attorney's office and the California Attorney General "regarding Jara's criminal conduct but no action was taken." Doe also presented her claim to the County, which rejected it.

B. *Doe Files This Action*

In December 2021 Doe filed this action against the County, Sheriff Villanueva, Lieutenant Adams, Gascón, and Bonta. She asserted six causes of action. First, she alleged all defendants violated title 42 United States Code section 1983 (section 1983) by violating her rights under the Fourteenth Amendment of the United States Constitution "to have government services administered in a non-discriminatory manner" and to "be treated equally as a crime victim of police misconduct compared to crime victims of non-police misconduct." Second, she asserted a cause of action under section 1983 against the County, Sheriff Villanueva, and Lieutenant Adams for municipal liability for

4

unconstitutional custom, practice, and policy. Third, she asserted a cause of action under section 1983 against the County, Sheriff Villanueva, and Lieutenant Adams for failure to train, supervise, and discipline employees. Fourth, she asserted a cause of action against all defendants for violation of her right to equal protection under article I, section 7 of the California Constitution. Fifth, she asserted a cause of action against the County, Sheriff Villanueva, and Lieutenant Adams, alleging they negligently supervised, trained, disciplined, and retained employees. And sixth, she asserted a cause of action against the County, Sheriff Villanueva, and Lieutenant Adams for negligent infliction of emotional distress.

C. *The Trial Court Denies Doe's Request To Proceed Pseudonymously*

Before she served the defendants with the complaint, Doe filed requests to proceed under a pseudonym and for a protective order preventing the defendants from disclosing her identity, "to protect her privacy and prevent further harm from the stigma that can attach to victims of sexual assault." The trial court treated the request as a motion and allowed the parties to submit briefs and evidence. In April 2022 the trial court denied the motion. Doe timely appealed from the order denying her motion.

D. *The Trial Court Sustains Demurrers to the First Amended Complaint*

Meanwhile, the County, Sheriff Villanueva, Lieutenant Adams, and Gascón filed a demurrer to the first amended complaint, and Bonta demurred separately. In sustaining the demurrers, the trial court ruled that all of Doe's

causes of action were based on the County's failure to investigate, prosecute, or discipline Detective Jara; that the executive branch had sole authority to decide whether to prosecute someone; that Doe, as a private citizen, did not have standing to compel the County to prosecute Detective Jara; and that the County defendants did not owe Doe a duty to investigate, prosecute, or discipline Detective Jara.   Because Doe did not show she could cure this "fundamental problem" with her complaint, the trial court sustained the demurrers without leave to amend.  Doe timely appealed from the ensuing judgment.  We consolidated the two appeals.

## DISCUSSION

A.   *The Trial Court Did Not Err in Sustaining the Demurrers to the Causes of Action for Violation of Section 1983*

1.   *Applicable Law and Standard of Review*

We independently review the trial court's ruling sustaining the demurrers to Doe's section 1983 causes of action.  (*Arce v. Childrens Hospital Los Angeles* (2012) 211 Cal.App.4th 1455, 1470.)  "'To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'  [Citation.]  "State courts look to federal law to determine what conduct will support an action under section 1983.  [Citation.]'"  [Citation.]  'The threshold inquiry [in analyzing a section 1983

6

claim] is whether the evidence establishes that appellants have been deprived of a constitutional right.'" (*Id*. at pp. 1472-1473.)

We apply federal law to determine whether Doe alleged sufficient facts to state a cause of action under section 1983. (*Martinez v. City of Clovis* (2023) 90 Cal.App.5th 193, 254; *Rubin v. Padilla* (2015) 233 Cal.App.4th 1128, 1144; *Arce v. Childrens Hospital Los Angeles*, *supra*, 211 Cal.App.4th at p. 1471.) We "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." (*Resnick v. Hayes* (9th Cir. 2000) 213 F.3d 443, 447.) "A plaintiff seeking recovery under section 1983 must plead more than constitutional 'buzzwords' to survive demurrer. [Citation.] The plaintiff must allege specific and nonconclusory facts showing the defendant's acts deprived him [or her] of a right, privilege or immunity secured by the federal Constitution or federal laws." (*Breneric Associates v. City of Del Mar* (1998) 69 Cal.App.4th 166, 180; see *Golden Gate Water Ski Club v. County of Contra Costa* (2008) 165 Cal.App.4th 249, 267.)

Under federal law, where a plaintiff is self-represented, we will "'construe the pleadings liberally,'" but we will not "supply essential elements of a claim that are absent from the complaint." (*Boquist v. Courtney* (9th Cir. 2022) 32 F.4th 764, 774.) "'Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.'" (*Litmon v. Harris* (9th Cir. 2014) 768 F.3d 1237, 1241.)

2. *The Trial Court Did Not Err in Sustaining the Demurrers to Doe's Cause of Action Under Section 1983 for Violation of the Fourteenth Amendment*

In her first cause of action, Doe alleged all defendants violated her right to equal protection under the Fourteenth Amendment to the United States Constitution by treating "crime victim[s] of police misconduct" differently from "crime victims of non-police misconduct" with "no rational basis."  The trial court did not err in sustaining the demurrers to this cause of action.

The Fourteenth Amendment provides no state "may 'deny to any person within its jurisdiction the equal protection of the laws.'  This provision is 'essentially a direction that all persons similarly situated should be treated alike.'" (*People v. Hardin* (2024) 15 Cal.5th 834, 847, citation and fn. omitted.)  "At core, the requirement of equal protection ensures that the government does not treat a group of people unequally without some justification." (*People v. Chatman* (2018) 4 Cal.5th 277, 288.)

"There is a constitutional right . . . to have police services administered in a nondiscriminatory manner—a right that is violated when a state actor denies such protection to disfavored persons." (*Estate of Macias v. Ihde* (9th Cir. 2000) 219 F.3d 1018, 1028; see *DeShaney v. Winnebago County Dept. of Social Services* (1989) 489 U.S. 189, 197, fn. 3 ["The State may not, of course, selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause."]; *Elliot-Park v. Manglona* (9th Cir. 2010) 592 F.3d 1003, 1006 ["while the officers' discretion in deciding whom to arrest is certainly broad, it cannot be exercised in a racially discriminatory fashion"].)  Where, as here, a government classification does not

8

involve a suspect class (such as race or gender) or impinge on a fundamental right, the classification does not ""run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose."" (*Chorn v. Workers' Comp. Appeals Bd.* (2016) 245 Cal.App.4th 1370, 1390; see *Navarro v. Block* (9th Cir. 1995) 72 F.3d 712, 717 [applying rational basis review to a claim of discrimination against class of victims of domestic violence].)

Doe's allegations did not state sufficient facts to constitute an equal protection cause of action under section 1983. She did not allege facts suggesting the defendants intentionally treated her differently from others who were similarly situated. She alleged that she told the Department that Detective Jara had forged her signature on the search waiver form and that the Department conducted a "service review" or "administrative review," when it should have conducted a "criminal investigation." But she alleged no facts about how the Department treated complaints of forgery or similar offenses committed by non-deputies. Absent such allegations, Doe did not state an equal protection cause of action under section 1983. (See *Andreyev v. Van* (E.D. Cal., Feb. 13, 2024, No. 2:23-CV-01403-DJC-CKD PS) 2024 WL 584165, p. 3 [granting a motion to dismiss an equal protection claim where the plaintiff did "not identify any similarly situated individuals or instances where a similarly situated individual was treated differently"]; *Daniel v. Richards* (N.D. Cal., June 18, 2014, No. 13-CV-02426-VC) 2014 WL 2768624, p. 2 [granting a motion to dismiss an equal protection claim where the plaintiff did "not plead any facts that would demonstrate that other bicyclists who were not arrested

9

were, in fact similarly situated to him"]; *Todd v. Briesenick* (E.D. Cal., May 16, 2013, No. 2:13-CV-0753 KJM KJN PS) 2013 WL 2151658, p. 5 [plaintiff failed to state an equal protection claim where he did "not provide specific facts, beyond mere speculation, supporting his claims that defendants treated him differently from similarly situated persons who were not disabled, not indigent, etc."].)

Doe's reliance on *Elliot-Park v. Manglona*, *supra*, 592 F.3d 1003 is misplaced. In that case the plaintiff alleged Micronesian police officers, in refusing to investigate or arrest a Micronesian drunk driver who hit her, discriminated against her because she was Korean. (*Id.* at p. 1006.) Unlike Doe, the plaintiff in *Elliot-Park* alleged facts showing the defendant treated a similarly situated individual who was not Korean differently: She alleged one of the same officers "fully investigated another drunk driving accident that occurred the same evening where the victim was Micronesian but the driver wasn't." (*Ibid.*)

Doe incorrectly describes *Navarro v. Block*, *supra*, 72 F.3d 712 as "closely analogous." It isn't. In *Navarro* the plaintiffs sued the County of Los Angeles and its sheriff under section 1983 for their "allegedly discriminatory policy and custom of according lower priority to 911 calls related to domestic violence than to non-domestic violence calls." (*Navarro*, at p. 713.) The district court granted the defendants' motion for summary judgment. The Ninth Circuit reversed, holding the plaintiffs created a genuine issue of material fact by presenting "testimony that dispatchers in practice treat domestic violence calls differently from non-domestic violence calls." (*Id.* at p. 715.) In contrast, Doe did not allege facts regarding how the Department treated

10

others similarly situated to her.[1]  Absent "specific and nonconclusory facts" showing the Department treated her differently from similarly situated individuals (see *Breneric Associates v. City of Del Mar*, *supra*, 69 Cal.App.4th at p. 180), Doe's cause of action under section 1983 for violation of her right to equal protection failed.

In addition, even if the Department allegedly treated complaints of forgery by deputies differently from similar complaints against non-deputies, courts "must reject an equal protection challenge . . . 'if there is any reasonably conceivable state of facts that could provide a rational basis'" for the differential treatment.  (*Las Lomas Land Co., LLC v. City of Los Angeles* (2009) 177 Cal.App.4th 837, 858.)  So "long as a plausible reason exists for the classification, our inquiry under the rational basis test comes to an end."  (*Chorn v. Workers' Comp. Appeals Bd.*, *supra*, 245 Cal.App.4th at pp. 1390-1391.)

And there was a plausible reason the Department conducted an administrative investigation, not a criminal investigation, of Doe's complaint against Detective Jara. Although Doe contends she reported Jara committed a "crime," Doe complained about something Detective Jara did while performing her job:  Doe alleged that, after Detective Jara interviewed her in the sheriff's station, the detective signed Doe's

---

[1]  In *Navarro* the Ninth Circuit also concluded the plaintiffs "could prove that the domestic violence/non-domestic violence classification fails even the rationality test."  (*Navarro v. Block*, *supra*, 72 F.3d at p. 717.)  As we will discuss, even if the Department treated Doe's complaint differently from complaints of similar conduct by non-employees, it had a rational basis for doing so.

11

name on the search waiver form. Because Doe's complaint involved Detective Jara's conduct in the course and scope of her employment, it was rational for the Department to treat Doe's complaint—at least initially—as a report of employee misconduct. Doe did not allege the Department ignored her complaint. She alleged that the Department investigated it; that a sergeant took her statement; that the Department forwarded her complaint to the Special Victims Bureau, where Detective Jara worked; that Lieutenant Adams, Detective Jara's supervisor, took Doe's statement by telephone; and that Lieutenant Adams told Doe that he had conducted an administrative investigation. Because the Department had a plausible reason to investigate Doe's complaint against Detective Jara as a report of employee misconduct, Doe did not state an equal protection cause of action.

3. *The Trial Court Did Not Err in Sustaining the Demurrers to Doe's Causes of Action for Municipal Liability*

Doe alleged two causes of action for "municipal liability" under section 1983 against the County, Sheriff Villanueva, and Lieutenant Adams. In one of them Doe alleged that the Department "maintained a policy and procedure of ratifying and condoning the deputies' criminal conduct by utilizing service review or comment to insulate deputies from criminal prosecution" and that the "policies or customs caused . . . the violations of [Doe's] constitutional rights at issue in this case," including "her right to equal protection of the law." In the other Doe alleged that the defendants "failed and refused to instruct, train, and supervise their employees how to properly investigate

12

crimes committed by fellow deputies," that they "failed to adequately discipline" Detective Jara, and that they "acquiesced, condoned or ratified a custom, practice or policy of ongoing misconduct by subordinate deputies and supervisors."

A government agency may be liable for constitutional violations under section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." (*Monell v. Department of Social Services of City of New York* (1978) 436 U.S. 658, 694.) To prove government liability under *Monell*, the "plaintiff must establish that (1) the plaintiff was deprived of a constitutional right; (2) the government entity had a policy; (3) this policy amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation." (*Perry v. County of Fresno* (2013) 215 Cal.App.4th 94, 105-106.) The only constitutional violation Doe claimed was equal protection, which as discussed, she did not sufficiently allege. Therefore, her causes of action for municipal liability under *Monell* fail. (See *City of Los Angeles v. Heller* (1986) 475 U.S. 796, 799 ["If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point."].)

13

B.    *The Trial Court Did Not Err in Sustaining the Demurrers to the State Law Causes of Action*

1.    *Applicable Law and Standard of Review*

"'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.'" (*Mathews v. Becerra, supra*, 8 Cal.5th at p. 768; see *Martin v. Gladstone* (2023) 96 Cal.App.5th 681, 688-689.)  "We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken" (*Regina v. State of California* (2023) 89 Cal.App.5th 386, 396-397; see *Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 725), "'''but not contentions, deductions or conclusions of fact or law'''" (*Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010).  We "'accept as true even the most improbable alleged facts, and we do not concern ourselves with the plaintiff's ability to prove [the] factual allegations.'"  (*Schmier v. City of Berkeley* (2022) 76 Cal.App.5th 549, 553, fn. 4; see *Nolte v. Cedars-Sinai Medical Center* (2015) 236 Cal.App.4th 1401, 1406.)  "We affirm the judgment if it is correct on any ground stated in the demurrer, regardless of the trial court's stated reasons."  (*Regina*, at p. 397.)

14

2.    *The Trial Court Did Not Err in Sustaining the Demurrers to Doe's Cause of Action for Violation of California Constitution Article I, Section 7*

In her fourth cause of action Doe alleged the defendants violated her "right to equal protection of the law" under article I, section 7 of the California Constitution. She alleged she "received disparate treatment compared to other crime victims where the perpetrators were not deputies."

Article I, section 7 provides a "person may not be . . . denied equal protection of the laws." "The equal protection guarantees of the Fourteenth Amendment and the California Constitution are substantially equivalent and analyzed in a similar fashion." (*People v. Barner* (2024) 100 Cal.App.5th 642, 663, internal quotation marks omitted; see *People v. Hardin, supra*, 15 Cal.5th at p. 847, fn. 2 ["we see "'no reason to suppose" that federal equal protection analysis would yield a result different from what would emerge from analysis of [article I, section 7 of] the state Constitution'"]; *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 571 ["equal protection provisions in the California Constitution 'have been generally thought in California to be substantially the equivalent of the equal protection clause of the Fourteenth Amendment to the United States Constitution'"], fn. omitted.) For the same reasons Doe failed to state a cause of action for violation of equal protection under the Fourteenth Amendment, Doe did not allege facts sufficient to state a cause of action under article I, section 7 of the California Constitution.

15

3.  *The Trial Court Did Not Err in Sustaining the Demurrers to the Cause of Action for Negligent Supervision, Training, Discipline, and Retention*

In her fifth cause of action Doe alleged the County, Sheriff Villanueva, and Lieutenant Adams negligently supervised, trained, disciplined, and retained employees. "To prevail in a negligence action, a plaintiff must show the defendant owed a legal duty to her, the defendant breached that duty, and the breach proximately caused injury to the plaintiff." (*Doe v. Los Angeles County Dept. of Children & Family Services* (2019) 37 Cal.App.5th 675, 682.) An "'employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee. [Citation.] Liability is based upon the facts that the employer knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes.'" (*Alexander v. Community Hospital of Long Beach* (2020) 46 Cal.App.5th 238, 264.) Under Government Code section 815.2 "a public entity may be held vicariously liable for the negligence of administrators or supervisors in hiring, retaining, and supervising an employee who commits a tort." (*Estate of Mendez v. City of Ceres* (E.D. Cal. 2019) 390 F.Supp.3d 1189, 1214; see *C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861, 866; *Doe v. Lawndale Elementary School Dist.* (2021) 72 Cal.App.5th 113, 126.)

Doe alleged the defendants had a "duty to treat criminal suspects in the same manner as others," to "provide government services in a nondiscriminatory manner," and "to protect her from constitutional injury." She alleged that the defendants "knew or had reason to believe Adams was likely to insulate his

16

subordinates from criminal sanctions" and that they "failed to take necessary measures to deter . . . misclassifying complaints."

These allegations do not state sufficient facts to constitute a cause of action for negligent supervision, training, discipline, and retention. Doe did not allege facts showing a Department employee was unfit or committed a tort against her. She merely restated her allegations the defendants violated her right to equal protection by treating her differently from others who reported forgery committed by non-deputies. But as discussed, Doe did not allege facts showing how the Department treated others who reported forgery, and the allegations of the complaint reveal the Department had a plausible reason to treat Doe's complaint against Detective Jara as a report of employee misconduct rather than a crime. Therefore, Doe did not allege sufficient facts to show the Department was negligent or that she suffered "constitutional injury."

In addition, to the extent Doe's cause of action is based on her contention Lieutenant Adams and others in the Department should have conducted a criminal investigation and recommended the district attorney prosecute Detective Jara for forgery, Doe lacks standing to assert that claim.[2] A "private citizen has no personal legal interest in the outcome of an individual criminal prosecution against another person." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 451; see *Weatherford v. City of San Rafael* (2017) 2 Cal.5th 1241, 1248 [private citizen has no ""beneficial interest"" or public interest standing to challenge a criminal defendant's resentencing"].) "The prosecutor ordinarily

---

[2] In Doe's prayer for relief, she asked the court to order Gascón and Bonta to prosecute Detective Jara and to appoint a special prosecutor to bring charges against her.

17

has sole discretion to determine whom to charge, what charges to file and pursue, and what punishment to seek." (*Dix*, at p. 451.) The "prosecutor's own discretion is not subject to judicial control at the behest of persons other than the accused." (*Ibid*.; accord, *Leider v. Lewis* (2017) 2 Cal.5th 1121, 1133.)

Doe also alleged that the defendants negligently trained, supervised, disciplined, and retained Lieutenant Adams and Detective Jara and that the negligence "afforded Jara the opportunity to commit forgery." Doe alleged that the defendants had actual or constructive notice Detective Jara "created a particular risk to others," that Detective Jara "was not supervised" when she interviewed Doe, and that "[p]roper training, oversight, and discipline would have prevented paper falsifying." These allegations also failed to state sufficient facts to constitute a cause of action.

To "establish negligent supervision, a plaintiff must show that a person in a supervisorial position over the actor had prior knowledge of the actor's propensity to do the bad act." (*Z.V. v. County of Riverside* (2015) 238 Cal.App.4th 889, 902.) Doe's conclusory allegation the defendants knew Detective Jara "created a particular risk" was insufficient; Doe had to allege facts showing Jara's supervisors knew Jara had a propensity to forge documents. (See *id.* at p. 903 [affirming an order granting a motion for summary judgment where there were "no facts that might have shown propensity or disposition on [a social worker's] part to sexually assault a foster child"]; *I.M. v. California* (C.D. Cal., Sept. 26, 2022, No. CV-20-11174-FMO-JEMx) 2022 WL 17080178, p. 5 [granting a motion to dismiss where the complaint relied on "conclusory allegations that the excessive force 'result[ed from] the negligent employment, negligent

18

retention, and negligent supervision' of the individual officers"]; *French v. City of Los Angeles* (C.D. Cal., Jan. 8, 2021, No. EDCV 20-416-JGB-SHKx) 2021 WL 6752229, p. 8 ["conclusory allegations that the City 'knew or should have known'" a police officer "had dangerous propensities" were "not sufficient to state a claim for negligent hiring, training, and supervision"]; cf. *C.A. v. William S. Hart Union High School Dist.*, *supra*, 53 Cal.4th at pp. 866, 875 [plaintiff stated a cause of action for negligent supervision where the plaintiff alleged a school district "'knew or should have known and/or were put on notice' of [a guidance counselor's] past sexual abuse of minors and her 'propensity and disposition' to engage in such abuse" in the past]; *Lopez v. Williams* (C.D. Cal., Aug. 15, 2017, No. EDCV-17-882-JGB-SPx) 2017 WL 10560529, p. 11 [denying a motion to dismiss a claim for negligent hiring, training, supervision, and retention where the plaintiff alleged that officers "'assaulted, beat, [and] injured'" citizens in their previous employment as police officers and that supervisory personnel knew of the officers' "particular propensities to assault and beat citizens, yet hired and retained them without providing adequate training on the proper use of force"].)

        4.     *The Trial Court Did Not Err in Sustaining the Demurrer to the Cause of Action for Negligent Infliction of Emotional Distress*

Doe's sixth cause of action for negligent infliction of emotional distress was against the County, Sheriff Villanueva, and Lieutenant Adams. "Negligent infliction of emotional distress is a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply." (*Huggins*

*v. Longs Drug Stores California, Inc.* (1993) 6 Cal.4th 124, 129; see *Downey v. City of Riverside* (2024) 16 Cal.5th 539, 545.) "[U]nless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty. Even then, with rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests." (*Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 985.)

Doe alleged the defendants' "deliberately indifferent, shocking and oppressive acts and/or omissions" caused her "severe emotional distress." This conclusory allegation did not provide sufficient facts for any of the elements of a cause of action for negligence.[3]

### C. *The Trial Court Did Not Abuse Its Discretion in Denying Leave To Amend*

We review a trial court's order denying leave to amend for abuse of discretion. (*Roe v. Hesperia Unified School District*

---

[3] Because Doe did not allege facts sufficient to state any cause of action, we do not consider whether any of the individual defendants would be entitled to immunity. (See, e.g., Gov. Code, §§ 820.2 ["Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."]; 821.6 ["A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."].)

(2022) 85 Cal.App.5th 13, 24; *Ko v. Maxim Healthcare Services, Inc.* (2020) 58 Cal.App.5th 1144, 1150.)  The trial court abuses its discretion if there is a reasonable possibility the plaintiff could amend the complaint to cure the defect.  (*Beverage v. Apple, Inc.* (2024) 101 Cal.App.5th 736, 747; see *King v. CompPartners, Inc.* (2018) 5 Cal.5th 1039, 1050.)  The burden is on the plaintiff to prove amendment could cure the defect.  (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2021) 60 Cal.App.5th 327, 335.)  "'The appellant has the burden to identify specific facts showing the complaint can be amended to state a viable cause of action.  [Citation.]  An appellant can meet this burden by identifying new facts or theories on appeal.'"  (*Roe*, at p. 24.)

Doe has not met her burden.  She has not identified any facts she can allege to state any viable cause of action.  Indeed, she does not even argue the trial court should have given her leave to amend her complaint.  The trial court did not abuse its discretion in sustaining the demurrers without leave to amend.

> D.   *Any Error in Denying Doe's Motion To Proceed Pseudonymously Was Harmless*

Doe argues the trial court erred in denying her motion to proceed pseudonymously.  But after the court denied her motion, all parties and the court continued to refer to Doe by her pseudonym, both in the trial court and on appeal.  Therefore, any error in denying the motion was harmless.

A court may reverse an order only where "the error complained of has resulted in a miscarriage of justice."  (Cal. Const., art. VI, § 13; see *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800-801.)  "Prejudice or a miscarriage of justice

21

exists when there is 'a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached.'" (*Wallace v. County of Stanislaus* (2016) 245 Cal.App.4th 109, 132; see *In re Marriage of Tara & Robert D.* (2024) 99 Cal.App.5th 871, 888.)  The appellant has the burden to show prejudice.  (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2023) 94 Cal.App.5th 764, 777.)

Doe has not shown the trial court's order prejudiced her. She filed her complaint in December 2021 using the pseudonym "Jane Doe."  All parties and the court referred to her as "Jane Doe" throughout the proceedings in the trial court.  Although in April 2022 the trial court denied Doe's motion to proceed pseudonymously, Doe continued to file documents as "Jane Doe." In September 2022 the court entered judgment against "Jane Doe."  Doe filed her notices of appeal as "Jane Doe" and has proceeded under that pseudonym in these appeals.  Doe cannot show she would have obtained a better result had the court granted her motion to proceed pseudonymously because the court allowed her to proceed pseudonymously.  It's as if the trial court actually granted her motion.

Nor does Doe explain how she was injured by the order denying her motion to proceed pseudonymously.  She does not claim that the trial court or any party revealed her true name or that the trial court refused to accept any documents she filed under a pseudonym.  Therefore, any error by the trial court in denying the motion was harmless.

## DISPOSITION

The judgment and the order denying Doe's motion to proceed pseudonymously are affirmed. The parties are to bear their costs on appeal.

SEGAL, J.

We concur:

MARTINEZ, P. J.

STONE, J.