**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REGINALD C. HOWARD,

      Plaintiff - Appellee,

 v.

WILLIAM L. GITTERE; DAVID
DRUMMOND; JESSE COX; MATHEW
NORIEGA; MIGUEL ESCAMILLA;
KELVIN CHUNG; CURTIS KERNER,

      Defendants - Appellants,

and

KERCHEN, MALLINGER,

      Defendants.

No. 24-400

D.C. No.
3:20-cv-00588-ART-CSD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Argued and Submitted May 20, 2025
San Francisco, California

Before: BERZON, FRIEDLAND, and MENDOZA, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellee Reginald Howard filed a handwritten complaint against prison officials, asserting claims under 42 U.S.C. § 1983 for violations of the Eighth Amendment. Defendants-Appellants appeal the district court's denial of their motion to dismiss based on qualified immunity. We have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1291. *See Hyde v. Willcox*, 23 F.4th 863, 869 (9th Cir. 2022). We review the denial of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) de novo. *Id.* We accept all well-pleaded allegations of material fact as true and construe them in the light most favorable to the non-moving party. *Id.* Dismissal is appropriate under Rule 12(b)(6) if a complaint "fails to include 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We affirm.

1.      42 U.S.C. § 1983 claimants "must show that each defendant personally played a role in violating the Constitution." *Hines v. Youseff*, 914 F.3d 1218, 1228 (9th Cir. 2019). Howard alleges that he "was taken from [his] cell and than [sic] placed in a shower cage. For over eight hours, Plaintiff complained to [Defendants Noriega, Chung, and Escamilla (hereinafter "the COs")]." Defendants-Appellants read the complaint differently, insisting that Howard alleges only that he was "placed in a shower case for over eight hours" and then, later, "complained to [the COs]." We must "construe pro se complaints liberally,

especially in civil rights cases." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014). We accordingly read the complaint to assert that Howard complained to the COs for over eight hours.

The alleged deprivation is one of deliberate indifference to the inhumane conditions of Howard's confinement. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The allegation that the COs ignored Howard's pleas for eight hours is sufficient to demonstrate their personal participation in depriving Howard of a constitutional right. *See Castro v. County of Los Angles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (holding that prison officials may be held liable where they "know[] of and disregard[] an excessive risk to inmate health or safety" (quoting *Farmer*, 511 U.S. at 837)).

There is no deficiency in the manner in which Howard's complaint "groups" or "lumps" the COs. *See McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996) (explaining that complaints must sufficiently allege which defendant did what); *Jones v. Williams*, 297 F.3d 930, 936 (9th Cir. 2002) (delineating where "team effort" assertions are inappropriate). Howard sufficiently "allege[s] facts which demonstrate that [] particular prison official[s] [were] the actual and proximate cause of [the] constitutional violation." *Leer v. Murphy*, 844 F.2d 628, 633–34 (9th Cir. 1988).

2.      Eighth Amendment claimants must demonstrate that the defendant "acted with a sufficiently culpable state of mind." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (cleaned up). "[T]hat state of mind is one of deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (cleaned up). Defendants-Appellants argue that Howard fails to allege that the COs were aware of the conditions at issue or that they knew of his need to be relieved from them. As explained above, Howard alleges that he complained to the COs for over eight hours. Making all reasonable inferences in his favor, Howard alleges that he was in pain and on crutches; that he was kept in a small and unsanitary space for eight hours; and that he told the COs that he needed medication, water, food, and use of a bathroom. *Id.* at 834. Either upon hearing his pleas or upon witnessing the conditions firsthand, the COs were aware of and chose to ignore those inhumane conditions.

3.      An Eighth Amendment plaintiff must also "make an objective showing that the deprivation was sufficiently serious to form the basis for an Eighth Amendment violation." *Id.* at 731 (cleaned up). Further, "[q]ualified immunity shields government officials under § 1983 unless . . . the unlawfulness of their conduct was clearly established at the time." *Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020) (cleaned up).

24-400

In *Hope v. Pelzer*, the Supreme Court found an "obvious" violation where an inmate was hitched to a post with arms raised for seven hours, in the sun, was allowed water only once or twice, and was denied bathroom breaks. 536 U.S. 730, 734–35 (2002). The Court held that it is clearly established that although penological interests can justify the temporary imposition of severe or poor conditions, such conditions are unconstitutional when imposed without penological reason. *Id.* at 738. Although Howard's detention in the shower cage may have been justified at first, we discern no penological justification from the complaint for extending that detention to eight hours, all the while denying him medication, food, water, and use of a restroom. *See Hampton v. California*, 83 F.4th 754, 765 (9th Cir. 2023) (holding that dismissal based on qualified immunity is appropriate only where "we can determine, based on the complaint itself, that qualified immunity applies"). Qualified immunity is denied.

**WE AFFIRM.**[1]

---

[1] Counsel for Plaintiff-Appellee appeared before us pursuant to the Ninth Circuit's pro bono program. The panel extends its thanks to counsel for participating in the program and representing Plaintiff-Appellee in this case.